CHARLES H. HARBERT

*v.*

STEPHEN L. MERSHON *et al.*

*Opinion filed November 8, 1897.*

1. DISCOVERY—*disclosures by answer to bill requiring discovery are not conclusive.* Under section 25 of the Chancery act (Rev. Stat. 1874, p. 201,) disclosures made by answer to a bill in chancery requiring a discovery concerning matters charged therein are not conclusive, but, upon replication being filed, may be disproved or contradicted.

2. PRACTICE—*in chancery—when creditor's bill is improperly dismissed.* A bill in chancery good upon its face as a creditor's bill cannot be dismissed, on motion of the defendants, without taking evidence, except for want of prosecution.

*Harbert* v. *Mershon,* 64 Ill. App. 297, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

This was a creditor's bill brought by appellant, against appellees, alleging a judgment against two of appellees, which was assigned to the complainant, and on which execution had been issued and returned *nulla bona* and unsatisfied. The bill alleged that certain co-defendants of the judgment debtors held property in trust for the latter, and prayed a discovery from all the defendants, and that the property discovered be subject to the payment of the judgment. Defendants answered, admitting the allegations as to the judgment but denying all other allegations. Replications were filed, and the cause was referred to a master to take proof and report the same with his conclusions. Afterwards, defendants' solicitor made a motion to dismiss the cause for want of jurisdiction, as disclosed by the answers. The reason urged by counsel for the defendants in support of the motion to dismiss the bill for want of jurisdiction was that, inas-

much as the answers of the defendants did not disclose
any assets belonging to the judgment debtors, the cause
was at an end and the court had no jurisdiction to pro-
ceed further.    The court granted the motion, from which
order the complainant appealed to the Appellate Court,
and that court affirmed the decree.    From that judgment
of affirmance this appeal is prosecuted, a certificate of
importance having been given.

HARBERT & DALEY, for appellant.

MILLARD R. POWERS, for appellees.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of
the court:

This bill was in form a creditor's bill for discovery
and relief, and by their answers the defendants traversed
all the allegations except as to the judgment, the issue
and the return of execution.    Replication was filed.    The
court, on motion of defendants, dismissed the bill with-
out hearing any evidence.

Under the early chancery practice a bill for discov-
ery, strictly so-called because exhausted as soon as dis-
covery was made, was almost invariably brought in aid of
an action at law and prayed for no relief.    On the com-
ing in of the answer the function of the bill ended, and
nothing further remained to be done on the equity side
of the court.    (Story's Eq. Pl. sec. 311.)    Early in the
legislation of this State section 25 of chapter 22 of the
Revised Statutes was adopted, which provides: "When
the complainant shall require a discovery respecting the
matters charged in the bill, the disclosure shall not be
deemed conclusive, but if a replication be filed may be
disproved or contradicted like any other testimony, ac-
cording to the practice of courts of equity."    Under this
section the right of the complainant to adduce testimony
to contradict the answer and maintain the allegations of

the bill was provided for and secured. The bill for discovery and relief is like any other bill for relief, which, if good on its face, cannot properly be dismissed, on motion of defendant, without evidence. The bill here was good on its face as a creditor's bill. On no theory could the court properly dismiss the bill on defendants' motion without evidence, except for want of prosecution. It was error to dismiss the bill.

Without entering into a discussion of the cases that were referred to in the opinion of the Appellate Court, it is sufficient to say it does not appear that the foregoing provision of the statute was discussed or referred to. The statute is clear and explicit.

The decree of the circuit court of Cook county and the judgment of the Appellate Court for the First District are each reversed and the cause remanded.

*Reversed and remanded.*