## Henrietta Vanderpoel v. William D. Cravens. Henrietta Vanderpoel v. H. Martin et al.

### Gen. Nos. 4,918 and 4,919.

1. EQUITY PRACTICE—*when dismissal of bill of complaint improper.* A bill in equity may be dismissed upon the call of the docket for want of prosecution, but there is no authority for a dismissal thereof for want of equity after answer filed without a hearing upon the merits.

2. INJUNCTION—*when damages upon dissolution should not be awarded.* Damages upon dissolution of an injunction should not be awarded in favor of those who have been convicted of fraud or were adjudged to have been in privity therewith in a former proceeding for injunction involving the same subject-matter.

Bill in equity. Appeal from the Circuit Court of Lake County; the Hon. ALBERT H. FROST, Judge, presiding. Heard in this court at the October term, 1907. Reversed. Opinion filed March 11, 1908.

HAY & BROWN and MULLEN & HOY, for appellant.

EDWARD L. UPTON and FRANK H. NOVAK, for appellees.

MR. JUSTICE DIBELL delivered the opinion of the court.

Henrietta Vanderpoel filed a bill in equity in the Circuit Court of Lake county against William D. Cravens, Caroline Roth, Joseph Husak, H. Martin, William C. Heinroth and the sheriff of Lake county, and upon said bill obtained an injunction. Cravens filed a sworn plea to certain parts of the bill, and demurred to certain other parts, and he answered the rest of the bill. Heinroth, Husak and Martin filed separate answers, F. H. Novak signing the answer of Martin as his solicitor, and attaching his own affidavit thereto. The other defendants did not answer. By agreement an order was entered that the demurrer and a motion to dissolve the injunction might be heard in vacation and the proper orders entered as of the preceding term. There was such a hearing in vacation and an order was entered dissolving the injunction and dismissing the bill for want

of equity, but it was not entered as of the preceding term, but as a vacation decree; and there had been no stipulation that a final decree could be rendered in vacation. The same order gave leave to the defendants to file suggestions of damages, and such suggestions were filed by Cravens, separately, and by Husak and Martin, jointly. At the next term, with another judge presiding, it was held that so much of the vacation order as dismissed the bill for want of equity was void for lack of authority to so decree in vacation, and the application for damages was denied. Thereafter, at another term, on the call of the docket, the bill was dismissed for want of equity pursuant to said vacation order, and without a hearing upon the merits. It was then ordered that the previous suggestions of damages should stand, and afterwards proofs were heard, and $600 was allowed Cravens for his solicitor's fees, and $300 was allowed Husak and Martin for their solicitor's fees, in procuring the dissolution of the injunction. General Number 4918 above entitled is an appeal by complainant from the order as to Cravens, and General Number 4919 is an appeal by her from the order as to Martin and Husak. The appeals have been consolidated in this court.

The record before us is certified to be a complete record, and it contains no justification for the dismissal of the bill for want of equity. The bill appeared to state grounds for equitable relief upon its face. A bill may be dismissed on the call of the docket for want of prosecution, but we know of no authority for the dismissal thereof for want of equity, after answer filed, without a hearing upon the merits. It is argued that the suggestions of damages were not filed in time, and that relief thereunder is lost. But we prefer to pass to the meritorious question arising on this appeal.

Section 12 of chapter 69 of the Revised Statutes, entitled "Injunctions," authorizes the court upon the dissolution of an injunction to "hear evidence and assess such damages as the nature of the case may require and to equity appertain, to the party damnified by such injunction." Appellant contends that it is not equitable that damages should be awarded

under the circumstances of this case. The bill in this case was filed by appellant as a judgment creditor of the Winthrop Harbor and Dock Company. Prior to the dissolution of the injunction in this case a final decree had been rendered by the Circuit Court of Lake county in another suit in equity by the judgment creditors of the same company, wherein Arthur E. Burnham and Henrietta Vanderpoel and others were complainants, and William D. Cravens, Caroline Roth, Joseph Husak, H. Martin, William C. Heinroth, F. H. Novak and the sheriff of Lake county and others were defendants. That decree was reviewed and affirmed by this court, and the facts stated at great length, in Roth v. Burnham, 126 Ill. App., 222. Upon the hearing of the suggestion of damages in the case now before this court, that decree was offered in evidence. As all the parties to this suit were parties to that suit, that decree is conclusive upon all the parties here as to the matters thereby established. The bill in that case related to the same general subject-matter and contained like charges of fraud as the bill in this case, and that decree found that the same general fraudulent practices against the judgment creditors of the Winthrop Harbor and Dock Company, including Henrietta Vanderpoel, the appellant here, had been committed by the parties defendant to the present bill, except Cravens, and by others. The relief there asked and granted was in the main like the relief sought by the present bill. The defendants there and the defendants here, except Cravens, had been finally enjoined in that suit before the injunction was dissolved in the present suit. We refer to our opinion in Roth v. Burnham, *supra,* for a detailed account of the fraudulent practices established against Husak, Martin and others. We are of opinion that, whether the dissolution of the injunction and the dismissal of the bill in the present case was or was not free from error, nevertheless it does not "to equity appertain" that persons who have been convicted of the fraud established against Husak and Martin by a decree binding upon all the parties to this suit, should be awarded damages for the dissolution of the injunction in the present case. Even if the second

injunction attempted against them failed, yet the first injunction having been established and made final, and they having been therein convicted of fraud, they ought not to be awarded damages by a court of equity. The allowance to Husak and Martin should therefore be reversed.

It is claimed in behalf of Cravens that the decree in the Burnham case found him not guilty of fraud, and therefore he is entitled to have damages awarded him for the dissolution of the injunction in this case. That decree found that Cravens had for several years sustained close, friendly and confidential relations to Heinroth, who was one of the principal conspirators against the judgment creditors of said Winthrop Harbor and Dock Company; that Cravens for a long time occupied the same office with Heinroth, and acted as his confidential clerk and bookkeeper; that as such bookkeeper he kept a business book wherein certain items were entered by him of one of the transactions by which said frauds were perpetrated, and that he afterwards altered said entry by the addition of words with the intention and design of giving such item in the books the appearance of belonging to Cravens instead of Heinroth; that some of the instruments by which the fraud was effected were taken out in his name or assigned to him, and afterwards by him to another of the conspirators; and that in these transactions he was lending the use of his name to Heinroth. That decree did also find that he was not a party to the conspiracy or fraud, and that no relief should be granted against him, but in the same connection he agreed in open court to claim no costs or damages by reason of any matter, cause or thing mentioned in that proceeding. In other words, he was treated by that decree as a confidential tool through whom in part the fraud had been accomplished, but was held not responsible therefor, the evident consideration for so holding being that he should waive any claim for damages in that case. We are of opinion that a person who has held such a position towards a transaction established to be fraudulent on the part of those to whom he has lent his name and whom he has confidentially assisted, ought not to be awarded

any damages in this case because of the dissolution of the injunction against him. The recitals in the decree in the Burnham case would no doubt have justified a decree against Cravens, and the fact that he was let off from the charges of fraud in that case on the ground that he was a tool, and that his principal should be held responsible rather than he, if he would waive all claim to damages, does not put him in such a position in this case that it is equitable that he should be awarded a large sum of money in damages against one of the complainants in that case who obtained that decree finding these facts against him. It is not equitable that the allowance to Cravens should stand.

The orders awarding damages to Cravens and to Husak and Martin for solicitor's fees for procuring a dissolution of the injunction are therefore reversed.

*Reversed.*