(No. 12555.—Decree modified.)

THE THURBER ART GALLERIES, Plaintiff in Error, *vs.* THE
RIENZI GARAGE *et al.* Defendants in Error.

*Opinion filed April 15, 1919.*

1. EQUITY—*when equity has no jurisdiction.* Where the only
relief sought by a bill is to compel the return of an automobile or
recover damages for its conversion a court of equity has no juris-
diction, as an action of replevin will secure the one form of relief
and an action of trover the other; and the fact that the defendant
has obtained a judgment for a garage-keeper's lien in an action of
replevin does not give the complainant the right to equitable relief.

2. SAME—*the want of jurisdiction of the subject matter cannot
be waived.* Where the subject matter of a bill is wholly foreign
to equity the want of jurisdiction cannot be waived and the bill
should be dismissed without prejudice.

WRIT OF ERROR to the Superior Court of Cook county;
the Hon. CHARLES M. FOELL, Judge, presiding.

POULTON, GREEN & MERRICK, (SAMUEL B. HILL, of
counsel,) for plaintiff in error.

JOHN A. BLOOMINGSTON, for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Fiftieth General Assembly amended the act to re-
vise the law in relation to liens by adding four new sec-
tions to it, by which garage keepers were given a lien
upon motor vehicles for the proper charges due for keep-
ing and repairing them and for expense bestowed on them
at the request of the owner or the person having the pos-
session thereof, and were authorized to replevy them for
the purpose of enforcing the lien. It was provided that a
garage keeper having a lien under the act might enforce it
by a sale of the property in his possession on giving ten
days' notice in writing to the owner of the time and place
of sale, and might out of the proceeds of the sale pay the

amount of the claim and costs, and the surplus, if any, to the owner of the property. (Laws of 1917, p. 567.)

The Thurber Art Galleries filed its bill in the superior court of Cook county, in which it alleged that it was the owner of an automobile which it used in its corporate business, and that during December, 1917, and January and February, 1918, it was stored by the complainant's president, Seymour J. Thurber, in the garage of the Rienzi Garage, which in December made some repairs on the automobile for which the complainant paid $100, leaving a balance due on January 2, 1918,.of $10.02. On March 11, 1918, the Rienzi Garage brought a replevin suit under the act which has been mentioned, and recovered a judgment for the possession of the automobile and one cent damages, the court finding that it was entitled to a lien on the automobile for $38; that on March 22, 1918, the Rienzi Garage mailed to the complainant a notice of a lien on the automobile for $216.97, stating that a sale of the automobile would be made to satisfy the lien at ten o'clock in the morning of April 3, 1918, but not stating the place where the sale would be made. The bill alleges that the act in question was unconstitutional for various reasons, and states that on the morning of April 3, 1918, before ten o'clock, the agents of complainant went to the garage and inquired where the sale would take place. They experienced some difficulty and delay in learning where the sale would be held, and finally arrived on the second floor of the garage about three minutes after ten and were informed that the sale.had already taken place, and that Walter Schmidt, the son of Otto Schmidt, the president of the Rienzi Garage, bought the automobile, but Otto Schmidt refused to answer at what time the sale occurred or the price paid. The bill charges, upon information and belief, that there was no *bona fide* and valid sale held, and avers that there was no lien on the automobile except for the sum of $38, which the complainant tendered to the Rienzi

Garage before the sale was made; that Walter Schmidt claims to be the owner of the automobile and refuses to give possession of it to complainant and threatens to sell it. The prayer of the bill was that the act of the legislature be declared to be unconstitutional; that the sale of the automobile be set aside; that the defendants be decreed to pay whatever sum may be found owing to the complainant by reason of the conversion of the automobile; that Walter Schmidt be restrained from selling or otherwise disposing of it until the further order of the court, and that the Rienzi Garage be decreed to return the automobile to the complainant.

The defendants answered the bill, admitting the storing of the automobile, the replevin suit and the judgment of the municipal court; averring the furnishing of supplies and repairs and the existence of a lien under the statute in question for the sum of $216.97. The answer avers the mailing of notice to the complainant of the time and place of selling the automobile to satisfy the lien; that the sale was made on April 3, 1918, at the garage, at which an agent of the complainant was present, and a sale was made in good faith to Walter Schmidt, who is ready and willing to deliver the automobile to the complainant on the payment of the lien and costs; that the tender of $38 and costs was made and refused because the lien exceeded that amount, and that the defendants have not sold the automobile or threatened to sell it, nor would they sell it until the disposition of this case.

A hearing was had on the pleadings and evidence, at which it appeared that Seymour J. Thurber, the president of the Thurber Art Galleries, used the automobile in the business of the company, and that at his request the defendants in error stored it and rendered services in connection with it; that the defendants in error replevied the automobile in March, 1918, from Thurber, and a judgment was rendered in its favor for the possession of the auto-

mobile and one cent damages, and that it was entitled to a lien on the automobile for $38. The automobile was sold at the sale to Walter Schmidt, the treasurer of the Rienzi Garage, for $210, which amount was charged against him on the books of the corporation. The court entered a decree dismissing the bill for want of equity, and the complainant has sued out a writ of error from this court on the ground that the constitutionality of the law is involved.

A court of equity has no jurisdiction of this cause, either upon the allegations of the bill or the facts developed upon the hearing. The only relief which could be granted or which the plaintiff in error seeks is the return of the automobile or damages for its conversion. An action of replevin will secure the one form of relief; an action of trover the other. The bill prays that the sale may be set aside, but there is no need of that. If the law did not authorize the sale or the defendants in error did not observe the provisions of the law in making the sale, the sale will be void and will present no obstacle to the enforcement of its rights by the plaintiff in error in the suit at law. There is no allegation of any fact amounting to fraud.

The plaintiff in error argues that the judgment in the action of replevin by which the defendants in error got possession of the automobile is a bar to an action of replevin by the plaintiff in error. That judgment was not against the plaintiff in error, and if it were, the fact that the plaintiff in error had neglected to make defense in that action or that it had defended unsuccessfully would not give it the right to go into equity to secure the rights which it ought to have obtained in the previous suit.

The bill prays for an injunction against the sale of the automobile, but no facts are stated on which such prayer can be based.

The defendants in error have not raised the question of the jurisdiction of equity, but the subject matter of the bill

is wholly foreign to equity jurisdiction and want of juris-diction of the subject matter cannot be waived.  The bill was properly dismissed for want of equity, but it should have been without prejudice.  The decree will be modified so as to make the dismissal without prejudice, and each party will pay half the costs in this court.

*Decree modified.*