Sixty-Third and Halsted State Savings Bank and
George Lenz, Appellants, v. Joseph Martin, Ap-
pellee.

Gen. No. 41,805.

Opinion filed January 19, 1942.

CLAUSEN, HIRSH & MILLER, of Chicago, for appellants.

RATHJE, HINCKLEY, BARNARD & KULP, of Chicago, for appellee; FRANCIS E. HINCKLEY, of Chicago, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

The plaintiffs made a motion for summary judgment under section 57 of the Civil Practice Act (Smith-Hurd's Ill. Anno. Stat., ch. 110, par. 181, p. 485 [Jones Ill. Stats. Ann. 104.057] and Supreme Court Rule 259.15, ch. 110, p. 523 [Jones Ill. Stats. Ann. 105.15]). Defendant moved to strike the motion. Affidavits for and against were submitted. The court denied the motion for summary judgment and allowed a motion to dismiss the complaint with judgment for costs against plaintiffs.

The suit is the aftermath of *Martin v. Sixty-Third & Halsted State Savings Bank,* 299 Ill. App. 123. On that appeal it appeared that Martin in the trial court sued to recover damages for alleged fraudulent representations through which, it was said, defendants induced him to purchase a note and trust deed for which he paid $8,000 (the face amount of the note plus accrued interest). The jury returned a verdict for plaintiff in the sum of $10,800, substantially the $8,000 with interest at 5 per cent up to the date of the verdict. The trial court on motion of defendants entered judgment in their favor, notwithstanding the verdict, and plaintiff appealed. This court reversed the judgment with directions to the trial court to enter judgment for plaintiff on the verdict. The cause was redocketed in the circuit court and judgment entered as directed.

July 29, 1939, plaintiffs (defendants in the prior suit) filed their complaint by which they prayed that

as a condition to the payment of the judgment against plaintiffs (which they said they were ready to do) defendant be required to turn over the note and trust deed to them. They also prayed an injunction against the transfer of the note and trust deed pending the litigation. May 21, 1940, plaintiffs filed a supplemental complaint stating that since the filing of the original complaint they had paid to defendant $11,852.55 in full satisfaction of the judgment and costs with interest. Defendant made a motion to dismiss the complaint which was denied by Judge DONALD McKINLAY. November 14, 1939, defendant answered the complaint denying its equity and denying that the plaintiffs were entitled to the relief prayed. May 21, 1940, plaintiffs made their motion for summary judgment. In support of it they submitted the complaint and supplemental complaint verified, the affidavit of Mr. Jones, the counsel for plaintiffs, the affidavit of Lenz, plaintiff, together with the affidavit of Mr. Mitchell, a court reporter who took down the proceedings at the first trial. In support of his motion to strike the motion for summary judgment defendant, Martin, submitted the affidavit of his attorney, Francis E. Hinckley.

Plaintiffs contend the court erred in dismissing the complaints without a hearing irrespective of the question as to the merits of their motion for summary judgment. Plaintiffs made a motion to vacate that part of the order and moved the cause be set for hearing on the merits, but the motion was denied. The court did not set aside the order denying the former motion to dismiss. Plaintiffs contend under section 57 of the Civil Practice Act it was error for the court (particularly since an answer was on file) to grant the motion to dismiss for want of equity. We find no authority in § 57 for such procedure. This certainly has not been the usual practice in this State. *Harbert v. Mershon,* 169 Ill. 52; *Vanderpoel v. Cravens,* 139 Ill.

App. 463. The defendant, however, suggests that the motion to dismiss was proper under section 48 of the Civil Practice Act (Smith-Hurd's Ill. Anno. Stat., § 48, par. 172, pp. 390, 391 [Jones Ill. Stats. Ann. 104.048]), and in support of this contention cites *Thurber Art Galleries v. Rienzi Garage,* 288 Ill. 35, and *Municipal Employees Ins. Ass'n of Chicago v. Taylor,* 300 Ill. App. 231. In the *Thurber* case the suit was dismissed after hearing on the pleadings and evidence. The bill was to recover possession of an automobile, in substance a replevin suit which was foreign to equity jurisdiction. No such claim can be maintained here The *Taylor* case held the court may consider a second motion to dismiss after it has denied a former similar motion but does not undertake to construe sections 57 or 48 of the Civil Practice Act. There was no basis for such a motion under the facts here disclosed under either section.

The memorandum opinion of the trial judge states: "The only conclusion therefor from an examination of the pleadings in this cause and *of the proofs* and abstracts presented to the Appellate Court in the Circuit Court case is that the plaintiff herein cannot prevail."

In other words, it affirmatively appears from the record plaintiff's cause was considered on the merits upon an affidavit filed in opposition to the motion for summary judgment and dismissed on the theory plaintiffs under the evidence could not recover. We do not understand any such practice to be proper under either section of the Civil Practice Act. However, we prefer to consider this case on the merits from the standpoint of plaintiffs' motion for summary judgment.

The answer of Martin is in substance to the effect that the original suit was not for the recovery of the money paid but sounded solely in damages; that the theory of his suit was that he had been injured through the fraudulent representations of plaintiffs and that his damages consisted of the difference between the

actual value of the note and mortgage and what their value would have been if as represented by defendants, with interest thereon; that he has not thus far received payment for such damages; that he expended large sums of money in the litigation, a portion of which was not included in the taxable costs, including attorney's fees amounting to the sum of $4,250 and similar expenses, etc.

We hold the contention of defendant in this respect can not be sustained in view of the record in the suit of *Martin v. Sixty-Third & Halsted State Savings Bank,* and others, which is set up in the affidavits submitted in support of the motion for summary judgment. The pleadings, instructions requested and propositions of law urged by the respective parties in the original suit are not entirely consistent. Martin's amended declaration in three counts in substance avers that he purchased the note and trust deed relying on the representations of defendants as to its value, known by them to be false. The land securing the note (says the declaration) was "waste land of little or no value." Rescission of the contract was not specifically alleged in the pleadings, although the facts stated (if true) showed a right in plaintiff to have it rescinded. It also appears at the request of defendants the court instructed the jury plaintiff's suit for fraud affirmed the sale of the securities and if the jury found for plaintiff the measure of damages would be the difference between the actual value of the securities at the time of the transaction and what the same would have been worth if as represented, "with interest at five percent per annum up to the time of the trial." Also, the trial court denied the request of Martin for an instruction that if plaintiff tendered the note and mortgage the damage would be the loss sustained by him with interest from the time of withholding at five per cent. However, the court modified this instruction by adding to it in substance that the

loss in such case would be the difference between the amount paid for the note and trust deed and the actual value thereof and gave the instruction as modified.

Notwithstanding the verdict for plaintiff, the court entered judgment for defendants. This was the condition of the record when defendants' appeal reached this court. The truth appears to be plaintiff's case was presented to the jury on both theories. It is no cause for wonder if the jurors were confused and misled. Plaintiff's attorney in his opening statement told the jury that plaintiff tried to persuade defendants to give him back his money. Plaintiff's attorney said: "Our case is a suit against the bank and against these main officers of the bank *to make them take this mortgage back and give us back the money which was spent for it.*"

In behalf of Martin, Mr. Hinckley requested the court to instruct the jury that if it found for plaintiff, and if plaintiff *had tendered the return of the securities,* "then, the plaintiff's damages consist of the loss sustained by him by reason of the transaction, together with interest upon the same from the time of the withholding of the money at the rate of five per cent per annum." The court modified this instruction by adding: "The loss of the plaintiff in such case is the difference between the amount paid for said mortgage notes, trust deed and other papers in question and the actual value thereof so far as the same appears from the evidence."

It thus appears plaintiff by means of this requested instruction called the attention of the jury to the fact that plaintiff Martin had tendered back to the defendants the note and mortgage. This fact (we assume) was not called to their attention without design. It is also clear the fact was not without its effect upon the verdict of the jury. The sale was made September 9, 1930. Martin paid the face of the note ($8,000) plus accrued interest ($23.33). While Martin held the

note and trust deed he collected interest on the same up to March 4, 1931, amounting to $240. The verdict of the jury was for $10,800—substantially the amount of the face of the note plus legal interest from March 4, 4, 1931, to the date of the verdict and judgment. Moreover, in Martin's brief in this court he said in substance the amount of the verdict was not subject to criticism. He said: "Suffice it to say that the jury concluded from the evidence that the security was worthless and found that the plaintiff was entitled to recover his money together with interest. In this connection it is significant to point out that the plaintiff brought his mortgage papers to the banker and demanded his money and later, upon the trial of the case, made a formal tender back of the papers."

If the opening statement of attorney for plaintiff was by inadvertence this statement in his brief was not. This court understood the verdict was rendered upon the theory the note and mortgage were tendered back. This is apparent from our opinion. We said: "Apparently the jury was of the opinion that plaintiff was entitled to recover the principal amount he gave defendants—$8,000.00—with interest, which is approximately the amount of the verdict. We see no reason to disagree."

Defendants presented a petition for leave to appeal to the Supreme Court, which plaintiff answered. In his brief he said: "The plaintiff tendered back the papers he had received and the defendants claimed that he was entitled to nothing. The jury found their verdict in the plaintiff's favor and assessed the damages at the amount the plaintiff had parted with plus interest during the time he was kept out of the possession of his money, in accordance with the rule of damages laid down by this Court in *Horne v. Walton,* 117 Ill. 130." The petition for leave to appeal was denied.

In summary, it appears by statement to the jury, by evidence of tender submitted in open court, by ar-

gument based thereon in this court and in the Supreme Court, Mr. Martin obtained a judgment for the full amount he lost by reason of the alleged misrepresentations of defendants. On this theory he obtained the order of this court for reversal of the judgment entered by the trial court in favor of defendants and persuaded the Supreme Court to deny leave to appeal by which that judgment could be reviewed as requested by defendants. He has now received from the defendants through payment of the judgment in full the money with which he parted, interest thereon and all costs allowed by law. Having thus striven for and obtained these things on clear equitable principles we hold he is estopped to contend that he has also the right to appropriate as his own the securities which he tendered before the jury and the court and (in this court and the Supreme Court) argued that he was entitled to the benefit of that tender. A court of equity looks to the substance rather than the form of things. He who pays for a thing is entitled to receive it, in equity becomes the owner of it. *Wertheimer v. Glanz,* 277 Ill. App. 389, 392; *Liebundguth v. Firebaugh,* 309 Ill. App. 447, 454. Mr. Martin cannot in equity hold the note and trust deed in one hand as his own, while with the other hand he accepts that which he elected to take in full payment thereof. The fraud as to the bank and Lenz is purged by the payment of the judgment. To allow what Martin now asks would be to permit and enforce by the arm of a court of equity a worse fraud. The bank and Lenz have paid to the uttermost farthing. They are not in court with unclean hands. *Fagan v. Rootberg,* 320 Ill. 586, 594. The judgment will be reversed and the cause remanded with directions to the trial court to grant plaintiffs' motion for summary judgment.

*Reversed and remanded with directions.*

McSurely, P. J., and O'Connor, J., concur.