Howard A. Heldt, Executor of Estate of Fredericka O'Brien, Deceased, Appellant, v. George D. Watts, Appellee.

Gen. No. 43,738.

410

Opinion filed October 14, 1946.   Released for publication October 28, 1946.

STEPHEN LEE, of Chicago, for appellant, and HOWARD A. HELDT *pro se.*

ECKERT & PETERSON, of Chicago, for appellee; OWEN RALL and WALTER W. ROSS, JR., both of Chicago, of counsel.

MR. JUSTICE FEINBERG delivered the opinion of the court.

Plaintiff O'Brien (now deceased) brought suit against defendant in the superior court of Cook county to recover damages for alleged negligent performance of a contract to move her house and transplant trees from one location in the town of Fox Lake, county of Lake, in the State of Illinois, to another location in the same town, and for conversion of some burlap delivered to defendant in Fox Lake, to be used in moving said trees. A judgment by default was entered on November 14, 1944, in favor of plaintiff and against defendant, for $3,000 and costs.

The complaint alleged that plaintiff is a resident of Cook county; that defendant is a "resident of Lake County," and that "part of the arrangements giving rise to the transaction herein was made in Chicago, Cook County."

The summons was directed to the sheriff of Lake county, and service obtained upon defendant in Lake county. No appearance was filed by defendant upon the return day of the summons, and no answer was filed to the complaint.

On October 16, 1944, plaintiff's counsel mailed a notice to the defendant at Fox Lake, also to a firm of attorneys in Chicago, Illinois, and to another firm of lawyers at Waukegan, Illinois, neither of which

firms had filed any appearance in the cause. The notice stated that on October 20, 1944, at the opening of court, a motion would be made to enter a default for want of an appearance and answer. The notice, with proof of service, was filed on the same day. On the return day of the notice, October 20, 1944, an order was entered, reciting: "On motion of plaintiff . . . It Is Ordered, that leave be given to Defend- ant, George D. Watts, until Thursday, October 31, 1944, to plead or answer to Complaint herein"; that the motion for default be continued to the same date. It will be noted that this order was entered on motion of plaintiff and not on motion of defendant or any attorney for him. On October 31, 1944, on motion of solicitors for plaintiff, an order of default was entered against defendant, in which the recital appears that the defendant having failed to file answer or "otherwise make appearance herein," the defendant was adjudged in default and the cause was set for hearing on November 14, 1944, when the judgment order was entered.

On October 26, 1945, the defendant filed a special appearance "solely for the purpose of moving to vacate the judgment heretofore entered herein and to dismiss the case on the ground of want of jurisdiction," together with a notice of motion to vacate said judgment and his affidavit in support of the motion.

Counter affidavits by the plaintiff were filed, and a hearing was had upon the motion to vacate the judgment. On January 4, 1946, the court entered an order vacating the judgment and dismissed the cause, from which order plaintiff appeals. Plaintiff O'Brien having died, the executor was substituted as plaintiff.

Tersely stated, plaintiff's position in seeking a reversal of the order vacating the judgment is: (1) The trial court had no power, after more than one year following the entry of the judgment, to vacate it. (2) The defendant, having been served with a summons

in Lake county, and having been given notice of the application for a default order, was obliged to appear before default and judgment and object to the venue in Cook county. Having failed to do so, he is now barred from attacking the judgment upon that ground. (3) The trial court had jurisdiction of the subject matter and the person because "part of the transaction is claimed to have occurred in Cook County," and that under section 7 of the Civil Practice Act (Ill. Rev. Stat. 1945, ch. 110, par. 131 [Jones Ill. Stats. Ann. 104.007]) the venue was properly laid in Cook county. Section 7 of the Civil Practice Act provides:

"  . . . every civil action shall be commenced in the county where one or more defendants reside or in which *the transaction or some part thereof occurred out of which the cause of action arose* . . . ." (Italics ours.)

The language — "or in which the transaction or some part thereof occurred out of which the cause of action arose"— did not exist in the Practice Act prior to the present Act adopted June 1933. This language has been interpreted by this court in *LaHam v. Sterling Canning Co., et al.,* 321 Ill. App. 32. This court said:

"We do not think it was the intention of the legislature to fix venue at places where preliminary or incidental events occurred or where acts of inducement, as distinguished from the component facts of a cause of action, may have taken place. The word 'transaction' in the statute is modified by the phrase 'out of which the cause of action arose' and if no cause of action can be said to have arisen out of any of the events that occurred in Cook county, . . . then no part of the transaction can be said to have occurred here within the meaning of the statute. . . . Such dealings as are incidental or preliminary to the transaction between the parties themselves and which do not form the basis of the cause of action, cannot have been

intended to constitute the transaction or a part thereof.''

In the instant case no part of the transaction out of which the cause of action arose occurred in Cook county. Admittedly, the defendant did not enter into the contract with the plaintiff in Cook county but in Lake county. The work to be done was in Lake county, and the negligent acts, if any, occurred in that county. The only showing plaintiff made by counter affidavits was to the effect that the estimate for the work, which led to the making of the contract, was mailed by the defendant from Fox Lake and received by the plaintiff in Cook county, and that subsequent to the commencement of the work the defendant wrote a number of letters from Lake county to the plaintiff in Cook county. Nothing else is shown to have transpired in Cook county up to the commencement of this suit. The mere mailing of these letters and the estimate can by no stretch of the imagination be deemed to constitute the transaction or a part thereof which gave rise to the cause of action, as having occurred in Cook county.

Plaintiff's interpretation of section 11 of the Civil Practice Act [Ill. Rev. Stats. 1945, ch. 110, par. 135; Jones Ill. Stats. Ann. 104.011], which provides:

''Where the parties appear without making objection to the venue, no order, judgment or decree shall be deemed void for want of jurisdiction because rendered in the wrong venue.''

is not in harmony with the settled rules applicable to the interpretation of statutes.

It will be remembered that neither defendant nor anyone for him made any appearance in the action prior to the entry of the judgment. We must give heed to the language of this section ''Where the parties appear without making objection . . . .'' The validity of such judgments under this section is clearly limited to cases where the parties appear and

do not object, and is not applicable to those who make no appearance when sued in the wrong venue. The maxim, *"expressio unius est exclusio alterius,"* is applicable here in the construction of this section. A statute, it has been said, is to be so construed, if possible, as to give sense and meaning to every part, and this maxim was never more applicable than when applied to the interpretation of a statute. *Chicago Dock & Canal Co. v. Garrity,* 115 Ill. 155, 165; *Townsend v. Gash,* 267 Ill. 578, 584; *Dorris v. Center,* 284 Ill. App. 344, 347. Applying this maxim to the construction of section 11, it is clear that the legislature intended to exclude those who do not appear, from the binding effect of such a judgment, and intended that where the parties do not appear, no order, judgment or decree shall be deemed valid when rendered in the wrong venue and not in accordance with the requirements of the statute as to venue.

The legislature clearly meant to protect a defendant against being sued in a county arbitrarily selected by a plaintiff, wherein the defendant does not reside, or in which no part of the transaction occurred which gave rise to the cause of action. If a plaintiff could so select the county to bring his suit, obviously a defendant would be entirely at his mercy, since such an action could be made oppressive and unbearably costly. That is why the legislature also provided in section 7 of the Practice Act [Ill. Rev. Stat. 1945, ch. 110, par. 131; Jones Ill. Stats. Ann. 104.007]:

" . . . if venue is based on residence in an action to recover money or damages, a judgment may be rendered against a defendant not residing within the county only when judgment is also rendered against a defendant residing within the county, unless the defendant not residing within the county appears generally, and defends the action on its merits, and not then unless it appears from the record or the evidence

that the defendant residing within the county was joined with probable cause and in good faith for the purpose of obtaining a judgment against him and was not joined solely for the purpose of fixing the venue of the action in that county.''

Thus, we observe the many safeguards the legislature has thrown around the right of a defendant to be sued in the proper county. The courts cannot interfere with this protection given by the legislature. A judgment such as this one is void for want of jurisdiction of the party. The defendant did not submit himself to the jurisdiction, but throughout, he limited his appearance and his motion for the sole purpose of moving to vacate the judgment, which cannot be regarded as a submission to the jurisdiction of the superior court.

The trial court, having been satisfied that the action was commenced in the wrong county, upon the application of either of the parties, could have changed the venue to Lake county and transferred the action to that county. (Ill. Rev. Stat. 1945, ch. 146, par. 36 [Jones Ill. Stats. Ann. 107.353].) Neither of the parties made such an application under the statute, and since the defendant was under no obligation to make such application, the court was not required to change the venue and plaintiff cannot now be heard to complain.

Complaint is made that the trial court did not afford plaintiff the opportunity, when requested, to present witnesses to prove that the transaction, or some part thereof, occurred in Cook county. The court had afforded plaintiff ample opportunity to meet the facts set up in the affidavit of defendant on the motion to vacate. Plaintiff filed counter affidavits, and the matter was submitted to the court upon the affidavits so filed. After the court had indicated its opinion in the matter, plaintiff made an offer of proof and re-

quested an opportunity to present witnesses, naming them. The witnesses so named were those whose affidavits had already been filed. There was nothing indicated in the offer of proof that anything more than was set up in the counter affidavits filed by plaintiff could be shown.

The order of the superior court vacating the judgment and dismissing the action was correct and is affirmed.

*Affirmed.*

O'CONNOR, P. J., and NIEMEYER, J., concur.