Mae Cox Tailby, Plaintiff-Appellant, v. Clarence Burr Tailby, Margaret S. Tailby, and Henry Scarsborough, Defendants-Appellees.

Gen. No. 46,075.

Opinion filed December 2, 1953. Released for publication December 30, 1953.

ISAAC I. BENDER, of Chicago, for appellant.

RUSSELL J. TOPPER, of Chicago, for appellees.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an action to discover assets, for an injunction and for a receiver, in aid of collection of a judgment for accrued alimony. The chancellor dismissed the complaint for want of equity as to the defendants Tailby. Plaintiff filed a notice of appeal from the decree of dismissal and from subsequent orders denying motions to modify the decree and for change of venue.

Plaintiff is not a resident of Illinois. She sued the defendants Tailby, who reside in Macon county, Illinois, and Scarsborough, a resident of Cook county, in the superior court of Cook county. Margaret S. Tailby was not served. Clarence B. Tailby was served, but did not appear, and was defaulted. Scarsborough was served and answered.

The suit was upon a judgment against Clarence B. Tailby rendered in Shelby county, Illinois. Though Margaret S. Tailby was not served, she appeared specially and made the motion to dismiss. The motion rested on two grounds, but only one—that of wrong venue—is now relevant.

19

The chancellor dismissed the action against the defendants Tailby for want of equity, and the implication is that he thought Margaret S. Tailby's motion constituted a general appearance. If the implication is true, the court erred. Her motion constituted her special apearance under § 20 of the Civil Practice Act (chap. 110, par. 144, Ill. Rev. Stat. (1953) [Jones Ill. Stats. Ann. 104.020]). Under that section as amended in 1945, she was entitled to appear specially by her attorney. The dismissal is improper in dismissing "for want of equity." *Thurber Art Galleries v. Rienzi Garage,* 288 Ill. 35, 39. The suit should have been dismissed simply or for improper venue.

■ In an affidavit supporting her motion to dismiss, Margaret S. Tailby relied upon a material deficiency in the complaint. She pointed out that there was no allegation that at the time of the filing of the "creditor's bill" Scarsborough had in his possession assets due Clarence B. Tailby. (Chap. 22, par. 49, Ill. Rev. Stat. (1953) [Jones Ill. Stats. Ann. 106.12].) The allegation was necessary to lay venue in Cook county of the action against her, and was not made. Plaintiff, instead of amending her complaint to supply the deficiency, filed an answer to the motion to dismiss. The answer did not aid the complaint and, therefore at the time the dismissal order was entered she had made a proper showing that venue was improperly laid in Cook county as to her.

■ The suit was dismissed also as to Clarence B. Tailby. He was in default at the time. No decree was, and none could have been, rendered against him in Cook county because a decree was not also rendered against Scarsborough, the resident defendant. This is because section 7 of the Civil Practice Act (chap. 110, par. 131, Ill. Rev. Stat. (1953) [Jones Ill. Stats. Ann. 104.007]) authorizes decrees against non-resident de-

fendants, where damages or recovery of money is sought, only (a) when a decree is also rendered against the resident defendant, or (b) where the non-resident appears generally and defends on the merits and the record or evidence shows probable cause for, and good faith in, joining the resident defendant. Language contained in section 11 of the Civil Practice Act before the 1947 amendment similar to that in the latter alternative in section 7 [set forth above in (b)] was construed by this court in *Heldt v. Watts*, 329 Ill. App. 408 as precluding non-residents who had not appeared.

■ A decree in Cook county against Clarence B. Tailby therefor presupposes that plaintiff has pleaded and proved Scarsborough had something of value due Clarence B. Tailby at the time suit was filed. This implies a proper amendment to the complaint supplying the deficiency responsible for dismissal as to Margaret S. Tailby. Under the amendment and proper service on Margaret S. Tailby she would be in the same position as Clarence B. Tailby. The dismissal order was not a decision on the merits. *City of Geneseo v. Illinois Northern Utilities Co.*, 378 Ill. 506, 514; 27 C. J. S. 197.

■ Scarsborough's answer raised the issue of whether he had anything of value due Clarence B. Tailby when suit was filed. That issue is still pending. As to Clarence B. Tailby, a non-resident, the dismissal decree was therefor premature.

■■ Normally a court or chancellor could transfer a cause to the proper county. *Heldt v. Watts*, 329 Ill. App. 408. The chancellor in the instant case, however, properly denied the motion which was not limited to the defendants Tailby. Scarsborough by answering the complaint disclosed his willingness to proceed in the county of his residence. Had the suit been commenced in Shelby or Macon county, Scarsborough would have had the privilege of objecting to the venue.

21

It would be unfair to deprive him of the privilege in Shelby or Macon county which Margaret S. Tailby used to defeat plaintiff's suit in Cook county.

For the reasons given the order appealed from is modified by eliminating the words "for want of equity" and is affirmed as to Margaret S. Tailby. The order is reversed as to Clarence B. Tailby. The cause is remanded for further proceedings consistent with this opinion.

*Order modified and affirmed as to Margaret S. Tailby, reversed as to Clarence B. Tailby and the cause remanded.*

FEINBERG, P. J. and LEWE, J., concur.