ANTHONY R. MARTIN-TRIGONA, Plaintiff-Appellee, *v.* MARC RODERICK *et al.,* Defendants-Appellees.

(No. 59402;

First District (4th Division)—May 28, 1975.

BURMAN, J., dissenting.

Anthony R. Martin-Trigona, *pro se.*

J. Steven Beckett, of Champaign, for appellees.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from an order entered by the Circuit Court of Cook County dismissing the plaintiff's cause of action for failure to comply with the court's order for transfer of venue.

The only issue presented on appeal is whether the "waiver of venue" provision found in the plaintiff's lease was valid and enforceable.

On August 21, 1972, the defendants signed a lease for a three-bedroom apartment located in Champaign, Illinois. The plaintiff, Anthony R. Martin-Trigona, was the owner and lessor of said apartment. The lease provided in pertinent part:

> "* * * Lessee further consents and waives venue or other objections to lessor instituting any action under this lease in any circuit court of Illinois * * *."

On December 14, 1972, plaintiff filed a complaint in the Circuit Court of Cook County to recover rent payments owed by defendants. The defendants filed a motion to transfer the cause of Champaign County, alleging improper venue. Defendants established by affidavit the lease had been signed in Champaign and all defendants resided in Champaign County. On February 15, 1973, an order was entered by the trial court transferring the cause to the Circuit Court of the Sixth Judicial Circuit, Champaign County, Illinois. On July 10, 1973, defendants' motion to dismiss plaintiff's cause of action for failure to transfer pursuant to court order was granted. Plaintiff's appeal resulted from such action.

The plaintiff contends the defendants waived venue by signing the lease containing a "waiver of venue" provision. In support of his contention, plaintiff cites several Federal cases involving the right of removal to the Federal courts from a State court via a contractual waiver, the question of proper diversity jurisdiction, or an interpretation of the Federal *forum non conveniens* rules. The Federal cases relied on by plaintiff are distinguishable, however, from the case at bar. Plaintiff also cites *May v. Chas. O. Larson Co.*, (1940), 304 Ill.App. 137, wherein the appellate court held a defendant may waive venue by his failure to make a timely objection to venue. The *May* case, however, does not involve a "waiver of venue" contractual provision.

■■■ We believe the "waiver of venue" provision contained in plaintiff's lease is void as against public policy. The Illinois venue statute (Ill. Rev. Stat. 1971, ch. 110, § 5) provides:

> "Except as otherwise provided in this Act, every action must be commenced (a) in the county of residence of any defendant who is joined in good faith * * * or (b) in the county in which the transaction or some part thereof occurred out of which the cause of action arose."

The above-quoted language clearly shows a legislative purpose that the venue statute is to be mandatorily applied to all venue questions, with the only exceptions being expressly provided by the Civil Practice Act. There is an "otherwise provided" in section 8(2) of the Act (Ill. Rev. Stat. 1971, ch. 110, § 8(2)), which states that all objections of improper venue are waived unless a timely motion for transfer is filed. Defendants in the instant case filed their motion to transfer in compliance with section 8(2), and thus did not waive venue. Allowing waiver of venue provisions in contracts would result in utter chaos with court dockets. It would allow a landlord to insert into a lease a clause stating the lessor could choose any forum in which to bring a cause of action, to the ridiculous conclusion that Chicago-area lawsuits would be tried in such places as Pope or Alexander counties in the extreme southern portion of the state. Likewise, counties surrounding Cook County would become excessively burdened attempting to handle the large volume of Chicago-area causes of action. Precisely for these reasons, the appellate court, in *Heldt v. Watts* (1946), 329 Ill.App. 408, succinctly explained the purpose behind the Illinois venue statute. The court stated:

> "The legislature clearly meant to protect a defendant against being sued in a county arbitrarily selected by a plaintiff, wherein the defendant does not reside, or in which no part of the transaction occurred which gave rise to the cause of action. If a plain-

tiff could so select the county to bring his suit, obviously a defendant would be entirely at his mercy, since such an action could be made oppressive and unbearably costly."

In the present case, all of the defendants are residents of Champaign County, the leased premises in question are located in Champaign County, and the lease was entered into in Champaign County. Under section 5 of the Civil Practice Act, plaintiff's lawsuit could not be brought other than in Champaign County.

For the reason stated herein, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

JOHNSON, J., concurs.

Mr. JUSTICE BURMAN, dissenting:

The record indicates that the defendants desired to renew their lease of plaintiff's premises in Champaign, Illinois, on a month-to-month basis. After negotiations, the parties entered into a new written lease having a term of September 1, 1972 to January 31, 1973. The agreement provided *inter alia* that "Lessee further consents and waives venue or other objections to lessor instituting any action under this lease in any circuit court of Illinois ＊ ＊ ＊." Plaintiff has his principal place of business at One IBM Plaza in Chicago, Illinois.

On December 12, 1972, plaintiff filed a complaint in the circuit court of Cook County alleging therein that defendants vacated the premises without notice to plaintiff and were in arrears in the payment of rent. After being personally served, defendants moved to transfer the cause to the Sixth Judicial Circuit in Champaign County pursuant to section 8 of the Civil Practice Act. As grounds for relief defendant asserted that section 5 of the Civil Practice Act requires that "every action must be commenced (a) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him ＊ ＊ ＊, or (b) in the county in which the transaction or some part thereof occurred out of which the cause of action arose." (Ill. Rev. Stat. 1973, ch. 110, par. 5.) Defendants further asserted that they were all residents of Champaign County, that the alleged wrongful conduct occurred solely in Champaign County, and that the leased premises were located in Champaign County.

In opposition to the motion to transfer plaintiff asserted that defendants freely and voluntarily waived any objection to venue by entering into the lease. He further stated that defendants did not assert any alle-

gation of hardship as grounds for transfer. Thereafter, plaintiff filed an amended complaint adding as a codefendant the name of Chemical Maintenance, Inc., a licensed firm doing business throughout the State of Illinois. In addition to the allegations of the initial complaint, plaintiff asserted that defendants caused substantial damage to the premises and used the premises as a parking lot for commercial vehicles of Chemical Maintenance, Inc.

I disagree with the conclusion of the majority that the waiver of venue provision embodied in plaintiff's lease is void as against public policy. No case is cited to support this theory. The case of *Heldt v. Watts* (1946), 329 Ill.App. 408, 69 N.E.2d 97, cited by the majority, did not involve a specific waiver of venue to any county in Illinois and is inapplicable on the facts. The sole issue is whether a party who enters into a lease for a valuable consideration can repudiate a consent provision therein to the initiation of suit in any Illinois county.

Courts are traditionally reluctant to relieve persons of their contractual agreements, and absent compelling circumstances they will not do so. Of course, a violation of public policy is such a compelling circumstance, and the courts will not enforce a contractual provision which is in violation thereof. As noted by the majority, the matter of venue is permeated with public policy considerations. Nevertheless, there can be no dispute that venue is fundamentally a matter of convenience to the litigants and is not jurisdictional in nature. In fact, the majority opinion amply points out that proper venue can be waived pursuant to section 8(2) of the Civil Practice Act by failure to assert it in a timely fashion. (See *May v. Chas. O. Larson Co.* (1940), 304 Ill.App. 137, 26 N.E.2d 139.) Thus, the dispute is not whether venue can be waived, but rather under what circumstances and in what manner it can be accomplished.

In *Neirbo Co. v. Bethlehem Shipbuilding Corp.* (1939), 308 U.S. 165, Justice Frankfurter delivered an opinion involving an interpretation of a Federal venue statute. In that case a diversity action was filed in a district wherein neither the plaintiff nor the defendant resided. The Court stated on page 167 that "[t]he jurisdiction of federal courts—their power to adjudicate—is a grant of authority to them by Congress and thus beyond the scope of litigants to confer. *But the locality of a lawsuit—the place where judicial authority may be exercised—though defined by legislation relates to the convenience of the litigants and as such is subject to their disposition.*" (Emphasis supplied.) The Court further stated that venue is a personal privilege conferred by statute and may be asserted or waived at the litigant's election, citing *Commercial Casualty Insurance Co. v. Consolidated Stone Co.* (1929), 278 U.S. 177, 179. Thus, the court concluded that venue, being a privilege, may be lost either by

failure to assert it seasonably, by submission in a cause, or by submission through contract.

While it is true that *Neirbo Co.* deals with a Federal statute, the parallel with the case at bar is unmistakeable. As is the case with section 5 of the Civil Practice Act, that statute also was mandatory in verbage. That is, it required that "* * * suit shall be brought only in the district of the residence of either the plaintiff or the defendant." Act of March 3, 1887, 24 Stat. 552, as corrected by Act of August 13, 1888, 25 Stat. 433). The Supreme Court, however, distinguished venue and jurisdiction, and recognized that while venue was defined by legislation, it was subject to disposition by the litigants and could be regulated by contract.

Defendants do not assert that they entered into the contract under duress or that the provisions were unreasonable. Nor do they assert any undue hardship as a result of the institution of suit in Cook County. It would be strange indeed for the legislature to sanction a waiver of venue where an untimely objection is made through mere inadvertence, and yet proscribe a calculated submission to venue pursuant to negotiation and valuable consideration. Defendants agreed by contract that litigation could be brought in any county in the State of Illinois. Certainly, by the terms of the contract they waived their defense as clearly as it could have been waived by failing to plead it in apt time.

The dismissal of the complaint should be vacated and the cause reinstated on the trial call.