American Oil Company, Plaintiff-Appellee, *v.* Frank L. Mason *et al.,* Defendants-Appellants.

(No. 53875; )

First District—May 5, 1971.

*Rehearing denied June 2, 1971.*

Kaye & Fitzpatrick, of Chicago, (Peter Fitzpatrick and F. W. Gulbranson, of counsel,) for appellants.

No appearance for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

Defendants appeal from a judgment entered in the Circuit Court of Cook County for $5,752.37, and also from other orders entered in the proceedings. Plaintiff has not filed a brief in this court.

On January 13, 1965, Frank L. Mason, Linda R. Mason, Meredith Chance and Mabel Chance, executed a dealer installment note in the sum of $9,018.24 to the plaintiff oil company. The note was signed in Ogle County, where Frank L. Mason was to operate a gasoline station owned by the plaintiff. The other three defendants were sureties on the note. The plaintiff was represented by Richard Fornell of DeKalb, Illinois. Frank Mason operated the gasoline station from January until May of 1965. At the termination of the dealership an inventory remained on the premises and the key was turned over to plaintiff's local sales representative.

Plaintiff sued in the First Municipal District of the Circuit Court of Cook County on July 21, 1966, alleging a balance due on the note of $5,752.37. On August 12, 1966, the defendants filed a proper and timely motion to dismiss or transfer the case to either DeKalb or Ogle County, alleging that Cook County was not the proper venue. In support of the motion they alleged that all of the documents in connection with the

transaction were executed in Ogle County, where the gasoline station was located, and all of the defendants reside in DeKalb County.

A counteraffidavit of plaintiff, filed September 23, stated that the note sued upon was executed and delivered by the defendants to the representative of the plaintiff and then forwarded to the Chicago office, where the loan was finally accepted and approved.

The trial judge denied the motion to dismiss or transfer to Ogle or DeKalb County for lack of venue in Cook County, denied leave to file a counterclaim, and denied defendants a jury trial. A trial on the merits was held with judgment for the plaintiff in the amount claimed, $5,752.37.

On appeal the defendants claim several errors, but we need only consider their argument that they were improperly compelled to appear and defend in Cook County. They maintain that no part of the transaction out of which the cause of action arose occurred in Cook County, where the suit was brought, and so stated in their affidavit supporting their motion to dismiss or transfer.

Section 5 of the Civil Practice Act (Ill. Rev. Stat. ch. 110, sec. 5) provides in part:

> "Except as otherwise provided in this Act, every action must be commenced (a) in the county of residence of any defendant who is joined in good faith * * * or (b) in the county in which the transaction or some part thereof occurred out of which the cause of action arose."

The plaintiff alleged by counteraffidavit certain facts which it maintains constitute a part of the transaction within the meaning of section 5. These facts are: The note was forwarded by its agent to the Chicago office of the plaintiff where the loan was approved, subsequent purchases from the plaintiff were sold and delivered to defendants from the Chicago warehouse, billings for additional merchandise sold to defendants were rendered from the Chicago office and payments made on the note by defendants were forwarded to the plaintiff at the Chicago office.

We find those activities which took place in Cook County did not meet the venue requirements of section 5 of the Civil Practice Act. In *LaHam v. Sterling Canning Co.* (1943), 321 Ill.App. 32, the court stated (p. 44):

> "Moreover, the term 'transactions or some part thereof' must necessarily refer to dealings between the parties where they are in some sense adversaries. It could not have been intended to include transactions which the parties had with third persons, out of which no cause of action has arisen. Such dealings as are incidental or preliminary to the transactions themselves and which

do not form the basis of the cause of action, cannot have been intended to constitute the transaction or a part thereof."

In *Heldt v. Watts* (1946), 329 Ill.App. 408, the court noted:

"The legislature clearly meant to protect a defendant against being sued in a county arbitrarily selected by a plaintiff wherein the defendant does not reside or in which no part of the transaction occurred which gave rise to the cause of action. If a plaintiff could so select the county to bring his suit, obviously a defendant would be entirely at his mercy, since such an action could be made oppressive and unbearably costly."

In the instant case the billings, payments and deliveries routed through Chicago offices or warehouses are clearly incidental to the transaction out of which the cause of action arose. The forwarding of the note to the plaintiff's Chicago offices must also be considered as an incidental activity. To do otherwise would violate the intent of the legislature to insulate defendants from being sued in a faraway place where he neither resides nor carries on any kind of activities.

Because of the view we take of this case, we need decide only the question of venue. The defendants moved to dismiss or transfer at the first opportunity, therefore a denial of their motion after a showing of improper venue was a denial of their rights. *Winn v. Vogel* (1952), 345 Ill.App. 425.

For the reason stated, the judgment is vacated and the cause remanded with directions to transfer the cause to DeKalb County for a new trial.

Reversed and remanded with directions.

ADESKO, P. J., and BURMAN, J., concur.