FREES v SOUTHERN MICHIGAN COLD STORAGE COMPANY

1. VENUE—ESTABLISHED PLACE OF BUSINESS—INCIDENTAL TRANSACTIONS.

Transactions incidental to the business do not constitute the carrying on of business and where defendant corporation's business of storing fruits and vegetables was conducted in Oceana County but it purchased equipment and material for maintenance of refrigeration equipment in Muskegon County, it was not established in Muskegon County.

2. VENUE.

The county in which a defendant corporation is established is a proper county in which to commence and try an action (MCLA 600.1621).

Appeal from Muskegon, James F. Schoener, J. Submitted Division 3 October 10, 1972, at Grand Rapids. (Docket No. 13254.) Decided November 28, 1972.

Complaint by Byron L. Frees and Frances Frees against the Southern Michigan Cold Storage Company and Vroom Cold Storage Company, a division of Southern Michigan Cold Storage Company. Defendant's motion for change of venue denied. Defendant appeals by leave granted. Reversed and remanded.

*Landman, Hathaway, Latimer, Clink & Robb* (by *William T. Kerr),* for plaintiff.

*Cholette, Perkins & Buchanan* (by *Kenneth L. Black),* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 56 Am Jur, Venue § 27.

Before: HOLBROOK, P. J., and R. B. BURNS and TARGONSKI,* JJ.

R. B. BURNS, J. The trial judge denied defendant's motion for a change of venue. GCR 1963, 403, 404. We reverse.

Plaintiffs filed suit in Muskegon County Circuit Court. The complaint alleged that plaintiffs were residents of Muskegon County and that defendant Southern Cold Storage Company is a Michigan Corporation doing business in Muskegon County with its principal place of business in Berrien County. Vroom Cold Storage is located in Hart, Oceana County.

Defendant filed a motion for change of venue under GCR 1963, 403, 404, stating that the cause of action arose in Oceana County at the plant of Vroom Cold Storage Company, that defendant is established and doing business in that county, and that only the plaintiffs are established in Muskegon County.

At the hearing it was indicated that the defendant's business is that of storing fruits and vegetables. The farmers and processors bring their fruits and vegetables to defendant's warehouse in Hart, Oceana County for storage.

Defendant's contacts with Muskegon County are limited to the purchasing of equipment and material for the maintenance of its refrigeration equipment and the servicing of one customer, Duffy Mott, a processing corporation in Baily, Muskegon County.

MCLA 600.1621; MSA 27A.1621 states:

"Except for the actions listed in sections 1605, 1611 and 1615, the county in which any defendant is estab-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

lished, or if no defendant is established in the state, the county in which the plaintiff is established, is a proper county in which to commence and try an action."

MCLA 600.1625(b); MSA 27A.1625(b) defines "established":

"Both domestic and foreign corporations are established in any county in which the corporation (i) has its principal place of business, (ii) has its registered office, (iii) has a place of business if a plaintiff is established therein, or (iv) is doing business if a plaintiff is established therein."

There is agreement that the Vroom Cold Storage Company is located in Hart, Oceana County, Michigan. However, there is a lack of authority as to what constitutes "doing business" for purposes of venue.

While *Watson-Higgins Milling Co v St Paul Milling Co.* 256 Mich 258 (1931), dealt with a foreign corporation and a question of jurisdiction rather than venue, the Court, quoting from 14A Corpus Juris, § 200, p 1276, stated:

" 'The courts are in agreement that the transaction in a State by a foreign corporation of acts of business, whether commercial or otherwise, which are merely incidental to the business in which such corporation is ordinarily engaged, does not constitute the doing or carrying on of business within the meaning of statutes imposing conditions, restrictions, regulations, etc., on the right of foreign corporations to do business.' "

By analogy Vroom Cold Storage Company was not doing business in Muskegon County by purchasing equipment and materials in Muskegon County to maintain its refrigeration equipment.

It was also indicated that Duffy Mott brought its fruits and vegetables to Hart for the defendant to

store. The business was conducted in Oceana County.

It is our opinion that the defendant was not doing business in Muskegon County.

Reversed and remanded for proceedings consistent with this opinion. Costs to defendant.

All concurred.