ADRIAN BLAKEY, Plaintiff-Appellee, *v.* COMMONWEALTH EDISON COMPANY, Defendant-Appellant.

Fifth District    No. 76-370

Opinion filed September 6, 1977.—Rehearing denied September 28, 1977.

Gordon R. Broom, of Burroughs, Simpson, Wilson, Hepler & Broom, of Edwardsville, for appellant.

C. William Fechtig, of Carmi, and Pratt, Pierce & Bradford, Ltd., of East Alton, for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

Defendant-appellant, Commonwealth Edison Company (hereinafter referred to as "defendant"), appeals from an adverse judgment entered against it in the trial court in favor of Adrian Blakey (hereinafter referred to as "plaintiff"). Plaintiff, who was an employee of an independent contractor sued defendant to recover damages caused by the alleged negligence of the defendant which owned a steam generating boiler being constructed in Pekin, Tazewell County, Illinois. Plaintiff filed the action in Madison County, Illinois, and a jury verdict of $150,000 was returned in the trial court.

Defendant timely filed its motion to transfer venue to Cook County, Tazewell County, or any other county in Illinois in which defendant was actually doing business. This motion was denied and subsequent renewals of the motion immediately prior to commencement of trial, at the close of plaintiff's case, at the close of all the evidence, and in the post-trial motions were denied.

Denial of defendant's motion to transfer venue was error and we reverse on that ground.

The pertinent statute governing venue is section 5 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 5) which provides in pertinent part as follows:

> "Except as otherwise provided in this Act, every action must be commenced (a) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him and not solely for the purpose of fixing venue in that county, * * *.
>
> If all defendants are nonresidents of the State, an action may be commenced in any county."

The Civil Practice Act, section 6, provides in regard to corporations:

> "For purposes of venue, the following definitions apply:
>
> (1) Any private corporation * * * organized under the laws of this State, and any foreign corporation authorized to transact business in this State is a resident of any county in which it has its registered office or other office or is doing business." (Emphasis added.)

The evidence shows that defendant is an Illinois Corporation, has its registered office in Chicago (Cook County) and has no office in Madison

County. The factual issue before us is whether or not defendant is "doing business" in Madison County within the meaning of the venue statute.

The facts cited by plaintiff which he claims satisfies the concept of "doing business" are that railroad cars owned by defendant and leased to the I. C. & G. Railroad are hauled by the I. C. & G. Railroad through Madison County. Secondly, although defendant's service area is composed of approximately the northern one-third of Illinois, it does, from time to time, sell electricity to other power companies through interconnection agreements which are a part of a nationwide "grid" system and conceivably some of the power generated by defendant finds its way to customers of other power companies in Madison County.

We find that the above actions are not sufficient to hold that defendant is "doing business" in Madison County.

Proper venue is an important privilege which is given great weight in Illinois. For example, it was held in *Martin-Trigona v. Roderick* (1975), 29 Ill. App. 3d 553, 331 N.E.2d 100, that a waiver of venue clause in a lease is void as contrary to public policy. In *Heldt v. Watts* (1946), 329 Ill. App. 408, 69 N.E.2d 97, the court found venue improper and stated:

> "The legislature clearly meant to protect a defendant against being sued in a county arbitrarily selected by a plaintiff, wherein the defendant does not reside, or in which no part of the transaction occurred which gave rise to the cause of action. If a plaintiff could so select the county to bring his suit, obviously a defendant would be entirely at his mercy, since such an action could be made oppressive and unbearably costly." (329 Ill. App. 408, 414, 69 N.E.2d 97, 99.)

See also *Winn v. Vogel* (1952), 345 Ill. App. 425, 103 N.E.2d 673, where the court reversed for failure to transfer venue stating:

> "The Practice Act * * * provides that a defendant shall not be sued in actions like this, outside the county of his residence. There are exceptions, of which the only one pertinent here is that the suit may be in the county where the transaction, or some part thereof, occurred. *This is a valuable privilege conferred upon the defendant,* which he may waive, but his right to insist upon it in apt time by proper objection, motion or plea, has always been recognized. * * *
>
> "* * * Where defendant makes specific objection to venue at his first opportunity, and shows the suit was filed in the wrong venue, and shows the correct venue, the court cannot arbitrarily deny the objection, * * *." (Emphasis added.) 345 Ill. App. 425, 430, 103 N.E.2d 673, 675-76.

In *American Oil Co. v. Mason* (1st Dist. 1971), 133 Ill. App. 2d 259, 273 N.E.2d 17, plaintiff sued defendants for the balance due on a note which

defendants (residents of Ogle County) executed in Ogle County where defendant Frank Mason operated a service station as one of plaintiff's dealers. The note was forwarded to plaintiff's Chicago office where it was approved and accepted. Subsequent purchases from plaintiff were sold and delivered from plaintiff's Chicago warehouse, billings were rendered from Chicago, and payments on the note were forwarded to plaintiff's Chicago office. Nevertheless, the court held that venue in Cook County was improper, since no part of the transaction sued upon occurred there. The court held that the activities which took place in Cook County were incidental to the transaction out of which the cause of action arose and would not support venue.

> "To do otherwise would violate the intent of the legislature to insulate defendants from being sued in a faraway place where he neither resides nor carries on any kind of activities." 133 Ill. App. 2d 259, 261, 273 N.E.2d 17, 18.

The cases involving the issue of whether a defendant is "doing business" in a county turn on their individual facts. Cases from other jurisdictions must be carefully read in light of that State's relevant venue statute. Michigan has a "doing business" statute similar to ours. (Mich. Comp. Laws §600.1621 (1968).) In *Frees v. Southern Michigan Cold Storage Co.* (1972), 43 Mich. App. 756, 204 N.W.2d 782, suit was filed in Muskegon County and defendant moved for a change of venue on the ground that it was not "doing business" there. Defendant's contacts with Muskegon County consisted of the purchasing of equipment and material for the maintenance of its refrigeration equipment (which was located at its principal place of business in Berrien County), and the servicing of one customer, Duffy Mott, a processing corporation. The court held that these activities were incidental to its business and did *not* constitute "doing business" sufficient for venue purposes. The court quoted from another Michigan case which in turn had quoted 14A C. J. *Corporations* §3982, at 1276 (1921):

> " 'The courts are in agreement that the transaction in a State by a foreign corporation of acts of business, whether commercial or otherwise, which are merely incidental to the business in which such corporation is ordinarily engaged, does not constitute the doing or carrying on of business within the meaning of statutes imposing conditions, restrictions, regulations, etc., on the right of foreign corporations to do business.' " 43 Mich. App. 756, 758, 204 N.W.2d 782, 783-84.

The West Virginia statute (W. Va. code §56—1—1 (1966)) also contains a "doing business" section. The court there held in *Crawford v. Carson* (1953), 138 W. Va. 852, 860, 78 S.E.2d 268, 273, that though a corporation may transact some business in a county, it is not "found" therein for the

purposes of venue if its officers or agents are absent from such a county and the corporation is not conducting a substantial portion of its business there with reasonable continuity. Passage through the county of a corporation's vehicle is not sufficient.

Since this case was submitted for opinion we have granted appellant leave to file additional authority in the form of the opinion of our supreme court in the case of *Baltimore & Ohio R.R. Co. v. Mosele* (1977), 67 Ill. 2d 321. Our review of the opinion in that cause leads us to the conclusion that although the factual situation therein can be distinguished from the one here present, the principles enunciated therein are here applicable and support the conclusion we have reached. We do not, however, base our opinion on that decision in view of its present lack of finality, a petition for rehearing being undisposed of in that cause.

We have considered appellant's motion to amend its answer with the objections thereto, which were taken with the case. We find that the question of venue was raised by special appearance in the trial court and that the issue was there presented, argued and passed upon, and that plaintiff did not rely upon the allegations regarding doing business in the unverified answer of defendant; that by the amendment of the answer plaintiff is not prejudiced, and we therefore grant the motion to amend the answer.

Reversed and remanded.

CARTER, P. J., and JONES, J., concur.