Robert Hartung, Plaintiff-Appellee, *v.* CENTRAL ILLINOIS PUBLIC SERVICE COMPANY, Defendant-Appellant.

Fifth District   No. 82—260

Opinion filed December 6, 1982.

Stephen J. Maassen, of Hoagland, Maucker, Bernard & Almeter, of Alton (Robert B. Maucker, of counsel), for appellant.

Law Offices of William W. Schooley, of Granite City, for appellee.

JUSTICE KARNS delivered the opinion of the court:
We granted defendant's petition for leave to appeal from the or-

der of the circuit court of Madison County denying defendant's motion for change of venue, pursuant to amended Supreme Court Rule 306(a)(1)(iv) (87 Ill. 2d R. 306(a)(1)(iv)). We hold that the trial court erroneously denied defendant's motion.

Plaintiff, Robert Hartung, a resident of Clinton County, Illinois, brought this action against defendant, Central Illinois Public Service Company, an Illinois corporation, for personal injuries sustained by him while employed as a boilermaker during a construction project at defendant's electrical generating plant at Coffeen, Montgomery County, Illinois. In his complaint, plaintiff alleged that defendant failed to exercise ordinary care and caution for the safety of plaintiff, and failed to provide plaintiff a reasonably safe place to work. Plaintiff alleged that defendant contracted with J. S. Alberici Construction Company to erect structural additions to its plant at Coffeen and that Alberici hired plaintiff as a construction boilermaker to work at that jobsite.

The complaint also alleged that defendant had entered into a contract with codefendant, Sargent and Lundy, a partnership doing business in Madison County, Illinois, to provide the design, engineering and construction supervision of the structural additions. In count II of the complaint, plaintiff alleged that Sargent and Lundy was in charge of the work at the construction site and was guilty of the same acts of negligence alleged to have been committed by Central Illinois Public Service Company.

Defendant filed a special and limited appearance and motion for transfer of venue, alleging that it does not do business in Madison County. This motion was denied by the trial court on June 14, 1979. On January 28, 1982, the trial court granted Sargent and Lundy's motion for summary judgment and dismissed the partnership from the suit because there was no contractual relationship between it and defendant or J. S. Alberici Construction Company regarding the work performed by plaintiff at the time of his injury.

On March 2, 1982, defendant refiled and restated its earlier motion for transfer of venue, further alleging that Sargent and Lundy was joined solely for the purpose of fixing venue in Madison County. The trial court denied defendant's motion, and it is from that order that defendant now appeals.

On appeal defendant contends that the trial court erred in denying defendant's motion for transfer of venue because defendant was not doing business within Madison County for purposes of the venue statute. Section 5 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 5), effective July 1, 1982, section 2—101 of the Code of Civil

Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—101) provides in pertinent part as follows:

> "Except as otherwise provided in this Act, every action must be commenced (a) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him and not solely for the purpose of fixing venue in that county ***."

Section 6 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 6) effective July 1, 1982, section 2—102 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—102) defines the residence of a corporation for venue purposes:

> "Any private corporation *** organized under the laws of this State, and any foreign corporation authorized to transact business in this State is a resident of any county in which it has its registered office or other office or is doing business. ***"

Defendant is an Illinois corporation with its registered agent located in Quincy, Adams County, Illinois. Defendant's office and principal place of business is in Springfield, Sangamon County, Illinois. Defendant does not have an office in Madison County, does not own real estate in Madison County or have utility lines or poles in Madison County for the transmission of electricity.

The evidence further revealed that defendant consummated commercial transactions with 10 different Madison County residents which totalled nearly $4.4 million in 1979. Approximately $3.5 million of this total was attributable to a contract with Refineries Transport and Terminal Corp., a resident of Madison County, for the hauling of light oil to defendant's Coffeen power station. The remaining transactions included the purchase of $462,000 of lime, $255,000 of utility poles, $81,000 of valves, fittings and pipes, $50,000 of hydrogen, $11,000 of septic work and equipment, $5,000 of wire rope and slings and $3,000 of railroad equipment.

Plaintiff maintained that these commercial transactions contributed directly to defendant's production and marketing of its principal consumer product, electricity. Plaintiff further contends that these transactions were done systematically and continuously, thus establishing that defendant was "doing business" within Madison County within the meaning of the venue statute.

The question of what constitutes "doing business" has been considered previously in this State. In *Baltimore & Ohio R.R. Co. v. Mosele* (1977), 67 Ill. 2d 321, 368 N.E.2d 88, suit was brought in Madison County against defendant railroad under the Federal Employers' Liability Act for personal injuries sustained by plaintiff. Evidence dis-

closed that the railroad had no offices or operating facilities within Madison County and that the incident from which the action arose did not take place in that county. It was established that the railroad's cars frequently passed through Madison County under the operation and control of the Terminal Railroad Association (TRRA) which functions as a terminal and interchange facility for railroads which ship freight to or from St. Louis, Missouri. Defendant owned 6.25% of the stock of the TRRA. The record further disclosed that the railroad solicited business from Madison County shippers and that solicitation generated a substantial amount of revenue for the company.

The Illinois Supreme Court, in *Mosele*, stated that in order to establish that a defendant is "doing business" within a county for purposes of venue, the defendant must be conducting his usual and customary business within the county in which venue was sought. After reviewing the record, the court held that the facts revealed that the defendant railroad was not operating its usual and customary business within Madison County and therefore was not "doing business" within that county for purposes of establishing venue.

The "doing business" language of the venue statute was reviewed by this court in *Blakey v. Commonwealth Edison Co.* (1977), 52 Ill. App. 3d 454, 367 N.E.2d 529. In that case, defendant power company owned railroad cars leased to railroads and hauled by railroad through Madison County. In addition, defendant sold electricity to other power companies through interconnection agreements which were part of a nationwide "grid" system. Although the court noted that it was conceivable that some of the power generated by defendant found its way to customers of other power companies in Madison County, it held that defendant was not "doing business" in Madison County, for venue purposes.

In reaching its decision, the court in *Blakey* cited with approval the Michigan case of *Frees v. Southern Michigan Cold Storage Co.* (1972), 43 Mich. App. 756, 204 N.W.2d 782. The Michigan court, in that case, interpreted its venue statute, which was similar to Illinois', and held that the purchasing of equipment and material for the maintenance of its refrigerator equipment was incidental to its business and did not constitute "doing business" for venue purposes.

In the case at bar, defendant entered into contracts with several Madison County residents to purchase supplies and materials. Additionally, defendant consummated a transaction with another Madison County resident for the hauling of light oil to defendant's Coffeen power station. This contract, we are told, contemplates the off loading of the oil at the Wood River Terminal on the Mississippi River

within Madison County for shipment through the county by truck. The record, however, is silent on this matter.

Plaintiff argues persuasively that a business must purchase the services and raw materials necessary to produce the finished product it sells and that these activities constitute "doing business" just as the sale of a finished product is "doing business." Plaintiff further points out that defendant would have access to the Madison County courts were these Madison County sellers of materials and services to default on their contracts with defendant. However, counsel for plaintiff candidly admitted at oral argument that these same arguments were made before the supreme court in *Mosele* and rejected by the court. In *Mosele*, the court stated:

> "*** [I]n order to establish that a defendant is doing business within a county for purposes of venue, quantitatively more business activity within the county must be demonstrated than where the question is whether the defendant has transacted any business within the State for purposes of service of process pursuant to section 17. The defendant must, in short, be conducting its usual and customary business within the county in which venue is sought." 67 Ill. 2d 321, 329, 368 N.E.2d 88, 92.

Following the decision of the supreme court in *Mosele*, we believe the evidence does not support the trial court's finding of venue in Madison County in the present case. Defendant's business is the production and marketing of electricity, which is not carried on by defendant in Madison County. The commercial transactions noted above, we believe, are not the usual and customary business of defendant required by *Mosele* but instead are merely incidental to defendant's business and do not afford sufficient contact with Madison County for venue.

For the foregoing reasons, the judgment of the circuit court of Madison County denying defendant's motion for transfer of venue is reversed and the cause is remanded with directions to enter an order transferring the case to a county of proper venue.

Reversed and remanded with directions.

HARRISON, P.J., and KASSERMAN, J., concur.