GERALD DeGERLIA, Plaintiff-Appellee, *v.* FIRST BANK AND TRUST COMPANY *et al.*, Defendants-Appellants.

Fifth District   No. 82—742

Opinion filed February 8, 1984.

Cornelius Thomas Ducey, Jr., of Ducey, Feder & Ducey, Ltd., of Belleville, for appellants.

Robert S. Forbes, of Phillip J. Kardis, P.C., of Alton, for appellee.

JUSTICE KARNS delivered the opinion of the court:

The First Bank and Trust Co., Mt. Vernon, Illinois, and the DuQuoin State Fair Association, Inc., were granted leave to appeal from the order of the circuit court of Madison County denying their motion for a change of venue in a personal injury suit filed by Gerald A. DeGerlia. 87 Ill. 2d R. 306(a)(1)(iv).

DeGerlia went to the DuQuoin State Fairgrounds in Perry County on July 27, 1980, to see motorcycle races on the fairground racetrack. The scheduled races were canceled because of bad weather, but DeGerlia stayed on the grounds to watch impromptu motorcycle drag races. A motorcycle hit him and caused multiple injuries. On August 11, 1981, he filed a two-count complaint alleging the negligence of Saad Jabr and the First Bank and Trust Co. (the bank) and claiming damages in excess of $15,000. Jabr represented Usaprop, Ltd. N.V., the sole beneficiary of a land trust of which the fairgrounds were an asset. The bank was the trustee of the land trust. An amended complaint filed on September 17, 1981, named the DuQuoin State Fair Association, Inc. (the Fair Association) as a third defendant.

Jabr filed a special appearance and moved that service on him be quashed because it had been made on a party not authorized to accept service on his behalf. The motion was granted with leave to the plaintiff to request an alias summons. The record does not show that a further effort was made to serve process on Jabr.

On September 22, 1981, the bank and the Fair Association moved to dismiss or transfer the cause of action to Perry County because the accident occurred there and neither defendant had an office or did business outside Perry County. The court took the motion under advisement, granting DeGerlia 30 days for discovery. The bank and Fair Association filed affidavits to the effect that neither did business outside Perry County, the bank further declaring that it held bare legal title to the premises in Perry County and conducted no transactions involving the property outside that county. At the end of a 30-day ex-

tension of the discovery period, the court heard argument and denied the defendants' motion.

Discovery conducted by DeGerlia revealed that Usaprop, Ltd. N.V., the sole beneficiary of the land trust, had the power of direction and management of the trust. At Usaprop's direction through its attorney, Jabr, the bank leased the DuQuoin Fairgrounds to Sabr Aeronautics, Inc., of Carbondale which then contracted with the DuQuoin State Fair Association, Inc. to operate various events on the fairgrounds. The events included the DuQuoin State Fair, a rodeo, automobile races, and the motorcycle race DeGerlia had planned to attend.

The Fair Association sometimes cooperated with sponsors in promoting its events. In 1980 it shared responsibility with a Kentucky promoter of motorcycle races, but there was no evidence of activity in Madison County. In 1981, Curt Greene, director of public relations for the Fair Association, wrote to Ralph C. Evans, president of Wetterau Food Services in Scott City, Missouri, proposing a promotional arrangement for a three-day rodeo. Wetterau's IGA stores in Missouri and Illinois would participate as "exclusive ticket outlets for this event" and would retain a percentage of the price of each ticket sold. The Fair Association was to produce and distribute various promotional materials as well as monitor the sales at each participating store. After the rodeo, the Fair Association sent to Wetterau its final analysis of the ticket sales broken down according to the towns in which participating stores were located. No town in Madison County was listed.

On October 15, 1981, William W. Tarr, financial vice-president of the Fair Association, was deposed with regard to the association's activities in Madison County. In an earlier affidavit he had sworn that the Fair Association did no business in Madison County. At the deposition he was sure an IGA store in Madison County participated in ticket sales for the rodeo but could say no more than that the name Alton rang a bell. He was uncertain where Madison County was or whether it fell in the 70-75 mile radius of DuQuoin from which most of the fair's business came. He did not personally correspond with any store in Alton and did not know if any of the fair's concessionaires came from Madison County. The Fair Association's use of Famous-Barr's Ticket Master service to sell tickets was limited to the St. Louis, Belleville and Springfield, Illinois stores, none of which are in Madison County.

The only issue is whether the trial court erred in denying defendants' motion to change venue because neither was doing business in Madison County. The court was in error, and we reverse its order.

Venue is properly fixed in the county where the cause of action arose or where any defendant joined in good faith resides. (Ill. Rev. Stat. 1981, ch. 110, par. 2—101.) A corporate defendant "is a resident of any county in which it has its registered office or other office or is doing business." Ill. Rev. Stat. 1981, ch. 110, par. 2—102.

■■ The cause of action arose in Perry County, and neither defendant maintains an office outside that county. Thus, venue will lie in Madison County only if it can be shown that the bank or the Fair Association is doing business there. For purposes of venue, the defendant must be found to "be conducting its usual and customary business within the county in which venue is sought." (*Baltimore & Ohio R.R. Co. v. Mosele* (1977), 67 Ill. 2d 321, 329, 368 N.E.2d 88, 92.) It is not enough that the defendant make purchases or provide services incidental to its customary business. *Hartung v. Central Illinois Public Service Co.* (1982), 110 Ill. App. 3d 816, 443 N.E.2d 16; *Blakey v. Commonwealth Edison Co.* (1977), 52 Ill. App. 3d 454, 367 N.E.2d 529.

■■ The record before us is bare of any evidence that the bank acting as trustee carried on any of its trust duties or conducted any transactions involving the trust in Madison County. Tarr, vice-president of the Fair Association, thought he remembered that an IGA store in Alton, Madison County, participated in the joint promotion of the rodeo at the fairgrounds. None of the documents produced in discovery support his memory. The final accounting by the Fair Association to Wetterau listed no Madison County store. Advertisements for a 1980 motorcycle race were placed in the Evansville Courier and Belleville News-Democrat, which may have found their way to Madison County. We see in these facts no support for the trial court's conclusion that venue was properly fixed in Madison County.

■■ We note, however, that even if it had been shown that the promotional activities had extended to Madison County, they would constitute no more than mere solicitation of business and would therefore be an insufficient basis for fixing venue there. *Baltimore & Ohio R.R. Co. v. Mosele* (1977), 67 Ill. 2d 321, 368 N.E.2d 88.

For the foregoing reasons, the judgment of the circuit court of Madison County denying defendants' motion for transfer of venue is reversed and the cause is remanded with directions to enter an order transferring the cause to a county of proper venue.

Reversed and remanded with directions.

WELCH, P.J., and KASSERMAN, J., concur.