**SATURN SYSTEMS, INC., a Corporation of Minnesota, Plaintiff,**

v.

**SATURN CORPORATION, a Corporation of Maryland, Defendant.**

**No. 4–87 CIV 249.**

United States District Court, D. Minnesota, Third Division.

May 8, 1987.

See also, 659 F.Supp. 868.

Bassford, Heckt, Lockhart & Mullin by Lynn G. Truesdell and Charles E. Lundberg, Minneapolis, Minn., for defendant Saturn Corp.

Merchant, Gould, Smith, Edell, Welter & Schmidt by Norman P. Friederichs, Minneapolis, Minn., for plaintiff Saturn Systems, Inc.

ALSOP, Chief Judge.

This matter came before the court on March 27, 1987, upon defendant's motion to dismiss this action for improper venue pursuant to Fed.R.Civ.P. 12(b)(3). In the alternative, defendant seeks to transfer this matter to the District of Maryland pursuant to 28 U.S.C. § 1404(a). Defendant has withdrawn for the time being its motion to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2).

Plaintiff Saturn Systems, Inc. is a Minnesota corporation engaged in the business of manufacturing and selling computer software, marketing computer hardware, and selling computer-related services. Plaintiff provides services to its customers relating to word processing, financial record keeping, and the mail merge capabilities of its software. Plaintiff's customer base includes humanitarian organizations, direct mail sales organizations, political organizations, and religious organizations. Plaintiff has registered its trademark SATURN for computer software as Registration No. 1,203,413, issued August 3, 1982.

Defendant Saturn Corporation is a Maryland Corporation engaged in the business of selling computer-related data processing services, computer software, and computer hardware. Defendant's services include storage and use of mailing list information in computer memory or magnetic computer tapes. Defendant has made occasional purchases from Minnesota vendors, but does not appear to have made any substantial sales in Minnesota. Defendant is not licensed to do business in Minnesota.

Plaintiff brings this action under the Lanham Act, 15 U.S.C. §§ 1051–1127, and alleges specifically that defendant has violated § 43(a) of this Act, 15 U.S.C. § 1125(a).

Proper venue in this action is determined by reference to subdivisions (b) and (c) of 28 U.S.C. § 1391. These subdivisions provide:

(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in

which the claim arose, except as otherwise provided by law.

(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

Thus venue in Minnesota is proper only if this district may be considered the district in which the defendant resides or in which the claim arose.

## I. WHERE THE CLAIM AROSE

Lanham Act cases involving national advertising which allegedly infringes a plaintiff's trademark sometimes present "the unusual case in which it is not clear that the claim arose in only one specific district." *See Leroy v. Great Western United Corp.*, 443 U.S. 173, 185, 99 S.Ct. 2710, 2717, 61 L.Ed.2d 464 (1979). In *Leroy*, the Supreme Court set forth the principles to be employed in determining proper venue in such a case. The court concluded "it is absolutely clear that Congress did not intend to provide for venue at the residence of the plaintiff or to give that party an unfettered choice among a host of different districts." *Id.* Instead, "a plaintiff may choose between those two (or conceivably even more) districts that with approximately equal plausibility—in terms of the availability of witnesses, the accessibility of other relevant evidence, and the convenience of the defendants (but *not* of the plaintiff) —may be assigned as the locus of the claim." *Id.* (Emphasis in orig.). *See Maybelline Company v. Noxell Corporation*, 813 F.2d 901, 906–907 (8th Cir.1987).

Plaintiff finally acknowledges in its third brief concerning this issue that the *Leroy* principles control the venue issue now before the court. Plaintiff contends, however, that two of the three criteria set forth in *Leroy*, the availability of witnesses and the accessibility of relevant evidence, militate in favor of the plaintiff's choice of forum, while convenience of the defendant favors the defendant's position that venue in Minnesota is improper. Thus plaintiff contends the *Leroy* analysis favors a Minnesota venue.

Viewing this action in the light of all three *Leroy* factors,[1] the court finds that the availability of witnesses and the accessibility of other relevant evidence do not weigh in favor of a Minnesota venue because no Saturn Corporation officers or records will be found here. Presumably, all of defendant's case and much of plaintiff's case will be drawn from locations outside of Minnesota. Indeed, plaintiff's counsel has already spent almost two full days at defendant's Maryland offices conducting discovery with respect to the venue issue alone. Thus these factors fail to outweigh or even counterbalance the clear inconvenience of a Minnesota venue to defendant. Therefore, venue in Minnesota would be improper under § 1391(b).

Plaintiff objects to dismissal on the ground that defendant has failed to identify a district in which venue *would* be proper. This court, however, is not presented with the question where venue would be proper, so long as it can say Minnesota is not a district that constitutes the locus of the claim. *See Maybelline*, 813 F.2d at 907. This is indeed the court's conclusion. Moreover, more than 70% of defendant's sales occur within the metropolitan Washington, D.C. area, including the District of Columbia, Maryland, and Virginia. Defendant has conceded that plaintiff's claim would properly be venued in *some* federal judicial district, and has

---

1. At one point, defendant refers to the *Leroy* factors as a two-pronged analysis, assigning equal significance to the availability of witnesses and the accessibility of evidence on one hand and to the convenience of defendant on the other. At another point, the defendant cites this court's decision in *Tonka Corporation v. TMS Entertainment, Inc.*, 638 F.Supp. 386 (D.Minn. 1985) (MacLaughlin, J.), as authority for the proposition that venue is proper only if Minnesota is in approximately equal forum to other possible forums "particularly" in terms of the defendant's convenience. The court disagrees with defendant that *Leroy* places this heavy emphasis on the convenience of the defendants. Instead, the defendant's convenience is one of three equally important factors to be considered in determining the "locus of the claim." *See Leroy*, 443 U.S. at 185, 99 S.Ct. at 2717.

suggested that this matter be transferred to the District of Maryland if the court declines to dismiss it. Without determining which district might be an appropriate venue for this action, the court is satisfied that dismissing this action will not deprive plaintiff of its opportunity to pursue its Lanham Act claims against defendant.

## II. WHERE DEFENDANT RESIDES

The United States Court of Appeals for the Eighth Circuit recently resolved the question whether proper venue depends upon a higher level of activity within the forum district than is necessary to establish minimum contacts for personal jurisdiction purposes. The court held that "doing business" in a district for purposes of § 1391(c) means "engaging in transactions there to such an extent and of such a nature that the state in which the district is located could require the foreign corporation to qualify to do business there." *Maybelline*, 813 F.2d at 905 (quoting *Johnson Creative Arts, Inc. v. Wool Masters, Inc.*, 743 F.2d 947, 954 (1st Cir.1984)). The constitutional test for when a state can require a corporation to qualify to do business in the state depends upon whether the defendant's contacts with the state exhibit the requisite "sort of localization or intrastate character." *See Allenberg Cotton Co. v. Pittman*, 419 U.S. 20, 33, 95 S.Ct. 260, 267, 42 L.Ed.2d 195 (1974).

In *Maybelline*, the defendant's sales to Arkansas retailers comprised 2% of its total sales, or approximately $7.64 million out of total sales of $382.13 million. Defendant had one employee in Arkansas. The court of appeals concluded that these contacts were not sufficient to permit the state of Arkansas to require the defendant to qualify to do business there. 813 F.2d at 907. *See also Johnson Creative Arts, Inc. v. Wool Masters, Inc.*, 743 F.2d 947, 955–56 (1st Cir.1984) (8–14% of defendant's total sales in district insufficient to support plaintiff's choice of that district as venue in Lanham Act action when defendant's decisions and actions occurred largely in another district). In this case, defendant's contacts with Minnesota are significantly more tenuous than the *Maybelline* defendant's contacts to Arkansas. Therefore, venue is not proper in Minnesota as the district in which the defendant resides.

Plaintiff relies on Minn.Stat. § 303.13, subd. 1(3) to support its contention that defendant should be "deemed" to be doing business in Minnesota because plaintiff alleges defendant committed a tort in Minnesota. This court previously has rejected this contention in terms so unequivocal as to require no repetition here. *See Tonka Corporation v. TMS Entertainment, Inc.*, 638 F.Supp. 386, 393 n. 7 (D.Minn.1985) (MacLaughlin, J.). This court is similarly unswayed by plaintiff's reiteration of this argument here.

Based upon the foregoing, the submissions and arguments of the parties, and the record as presently constituted,

IT IS ORDERED That defendant's motion to dismiss this action pursuant to Fed. R.Civ.P. 12(b)(3) for improper venue be and the same hereby is granted and plaintiff's action is dismissed without prejudice.

IT IS FURTHER ORDERED That the court will retain jurisdiction over this matter for sixty (60) days or until further order of the court for the purpose of assessing sanctions under Fed.R.Civ.P. 11 and 28 U.S.C. § 1927.