KEITH McLANE *et al.*, Plaintiffs-Appellees and Cross-Appellants, v. FRED G. RUSSELL *et al.*, Defendants-Appellants and Cross-Appellees.

Third District   No. 3—86—0532

Opinion filed August 12, 1987.—Rehearing denied September 14, 1987.

Karen L. Kendall and Robert H. Schultz, Jr., both of Heyl, Royster, Voelker & Allen, of Peoria (Lyle W. Allen, of counsel), for appellants.

Jerome Mirza & Associates, Ltd., of Bloomington (Jerome Mirza, of counsel), for appellees.

JUSTICE SCOTT delivered the opinion of the court:

Defendants, Fred G. Russell and Johnson, Martin & Russell, a professional corporation, appeal the trial court's judgment on the verdict entered in favor of the plaintiffs, Keith McLane and Cecil McLane, individually, and Cecil McLane, executor of the estate of Grace M. Shugart, in the amount of $325,000 for damages resulting from their not receiving a one-half interest in the Shugart 240-acre farm on the death of Grace M. Shugart. The McLanes cross-appeal the trial court's setoff of $66,455, which was one-half of the amount they received in settlement of a suit filed against the administrator of Helen Shugart's estate for the entire farm.

The facts which underlie the cause in this appeal have been presented previously in this court's earlier opinion in *In re Estate of Shugart* (1980), 81 Ill. App. 3d 538, 401 N.E.2d 611. In summary, the McLanes, father and son, were tenant farmers on a 240-acre farm located in Bureau County which was owned in joint tenancy by Grace M. and Helen Shugart, sisters who never married. The elder McLane had farmed the Shugart land since 1946. Grace and Helen first executed wills in 1942, wherein they left all of their property to each other. In 1958, attorney Fred G. Russell, at the sisters' request, placed their farm into joint tenancy ownership, with right of survivorship. In 1961, Russell drafted a new will for Grace wherein she left all of her property to Helen. Helen was adjudged incompetent in 1971 and Russell was appointed her conservator.

Russell drafted a new will for Grace in 1975, wherein she devised a life estate of her interest in the farm to Cecil McLane with the remainder interest to Keith McLane. In 1976, Russell revised Grace's 1975 will making some minor changes, but leaving unmodified the provisions for the McLanes. At no time prior to Grace's death in April 1977 was the joint tenancy of the Shugart farm severed and on Grace's death her one-half undivided interest in the farm transferred by operation of law to Helen. On Helen's subsequent death, the farm transferred to the Shugarts' cousins in fee simple.

The McLanes brought the instant suit in the circuit court of Peoria County alleging that Russell's failure to sever the joint tenancy between the sisters following his drafting and the execution of Grace's two wills frustrated Grace's testamentary intent and irrevocably denied them a one-half interest in the Shugart farm. The McLanes sought an award of damages for one-half the value of the Shugart

farm. Following a four-day jury trial, the trial court entered judgment on the verdict in favor of the McLanes in the amount of $325,000. The trial court granted the defendants' motion for setoff, but only as to one-half the amount the McLanes received in settlement of their suit against Helen Shugart's estate, thereby reducing the damage award to $258,545.

Russell and Johnson, Martin & Russell, a professional corporation, request this court to reverse the judgment entered and to enter judgment notwithstanding the verdict or, in the alternative, to remand the cause for a new trial. They contend that reversible error occurred when the trial court ruled (1) that the McLanes' settlement of their suit filed against Helen Shugart's estate did not bar the instant suit and that evidence regarding the other suit and settlement should not be heard by the jury; (2) that the statute of limitations had not run to bar the instant suit; (3) that venue was proper in the circuit court of Peoria County; (4) the McLanes were the primary intended beneficiaries of the attorney-client relationship which existed between Russell and Grace and they were therefore proper plaintiffs in a legal malpractice action; and (5) the McLanes met their burden of establishing a *prima facie* case that Russell was negligent and that the alleged negligence was a sufficient proximate cause of their loss and therefore the case could be submitted to the jury. Further, Russell and Johnson, Martin & Russell maintain that the trial court committed reversible error in certain evidentiary rulings concerning testimony by the McLanes' experts, in allowing the jury to consider conflict of interest evidence, and in precluding their expert witness from testifying regarding a deposition he reviewed and which allegedly was relied on to form the basis of his opinion.

The McLanes cross-appeal the trial court's setoff of the jury's damage award and request reinstatement of the judgment in full. They contend that the sum of their prior settlement and the jury award does not equal the full value of the entire farm, which they claim they would have received after the death of both Shugart sisters.

■■ ■ We direct our review initially to the issue of whether the McLanes may be considered proper plaintiffs in the instant legal malpractice action. The doctrine enunciated in *Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 440 N.E.2d 96, which found a duty owing by an attorney to a nonclient is clearly applicable to the instant cause. For a nonclient to establish a duty owing him stemming from an attorney-client relationship, he must allege and prove that the intent of the client was to benefit him and that the primary purpose of the attorney-

client transaction was to achieve for him the intended benefit. Our review of the record, the testimony of the witnesses, and Grace's last and final will clearly reveal that her intent was to benefit the McLanes as to her one-half interest in the farm at her death. The purpose of the attorney-client transactions in 1975 and 1976, which involved the drafting by Russell of Grace's last two wills, was to obtain for the McLanes the intended benefit of their receiving a one-half interest in the Shugart farm. We find the McLanes to be proper parties in the instant cause in keeping with the *Pelham* doctrine establishing a duty owing by an attorney to a nonclient. Given the existence of such a duty, the McLanes were entitled to proceed with their claim of a breach due to Russell's failure to sever the joint tenancy between Grace and her sister Helen.

We next consider whether the McLanes were precluded from going forward with their action due to the expiration of the five-year statute of limitations governing the instant suit (Ill. Rev. Stat. 1985, ch. 110, par. 13—205) and due to their settlement of the suit brought against the administrator of the Helen Shugart estate, the Citizens First National Bank of Princeton.

■ Russell and Johnson, Martin & Russell maintain the five-year statute of limitations began running on August 19, 1976, the date Grace executed her final will, and thus the McLanes' suit must have been filed no later than August 19, 1981. The McLanes maintain their filing suit in March 1982 was within the applicable statute in that the limitation period began on Grace's death in April 1977. We find that the first time the McLanes reasonably could be said to have discovered the alleged malpractice, *i.e.*, the failure to sever the joint tenancy between the Shugart sisters, was after Grace's death and during the subsequent probate of her estate in 1977. Therefore, the instant suit was timely filed in March 1982 and was within the five-year statute of limitations in conformity with the discovery rule applicable to the statute.

■ During the pendency of the instant suit, the McLanes entered into a settlement of their claim for the entire farm brought against the administrator of Helen's estate. The McLanes received in settlement a property transfer valued at $32,912.50, and a monetary sum of $100,000. The trial court ruled this settlement did not constitute a bar to the instant suit and that the jury would not be allowed to hear evidence of the prior claim and subsequent settlement. It is well settled that the release of one tortfeasor does not release the other where separate tortfeasors contributed to or produced the same injury, nor does the release of one who is not a tortfeasor release one

who may be a tortfeasor. (*Borowski v. Von Solbrig* (1975), 60 Ill. 2d 418, 328 N.E.2d 301; *Clear-Vu Packaging, Inc. v. National Union Fire Insurance Co.* (1982), 105 Ill. App. 3d 671, 434 N.E.2d 365; *Anderson v. Martzke* (1970), 131 Ill. App. 2d 61, 266 N.E.2d 137; *Scoggins v. Village of Hartford* (1967), 86 Ill. App. 2d 233, 229 N.E.2d 550.) The defendants in the instant suit and in the settled suit were not joint tortfeasors wherein the release of one can be held to release the other. Further, the trial court's ruling that the jury not be allowed to hear evidence of the prior claim and settlement does not rise to the level of reversible error in that the pleadings filed in the prior action do not unequivocally negate their claim that Grace Shugart's intent was to convey a life interest and a remainder interest to the McLanes, on her death, of her one-half interest in the farm.

■■ Russell and Johnson, Martin & Russell next maintain that the trial court erred in denying their motion to transfer venue from Peoria County to Bureau County. In responding to their motion, the McLanes maintained that the law firm of Johnson, Martin & Russell was doing business in Peoria County and therefore venue was proper in that county. (Ill. Rev. Stat. 1985, ch. 110, par. 2—102(a), (b).) In hearing on the motion, the law firm was shown to be representing creditors in bankruptcy proceedings involving eight proofs of claim filed in the United States District Court in the Central District of Illinois in Peoria. Whether this representation was sufficient to establish a level of activity sufficient to meet the requirement of "doing business" when fixing venue pursuant to section 2—102 was an appealable issue authorized by Supreme Court Rule 306 (107 Ill. 2d Rules 306 (a)(1)(ii), (a)(1)(iv)). Russell and Johnson, Martin & Russell chose not to seek review pursuant to Rule 306 of the trial court's denial of their motion following entry of its order. Review pursuant to this rule is permissive, if timely filed, and therefore we are not precluded from reviewing this issue on appeal.

We find that the trial court properly considered the law firm's level of activity in Peoria County to be of sufficient substance and quantity to fix venue in that county. The filing of proofs of claim and the representation of creditors in bankruptcy proceedings may not be claimed as merely incidental services outside the normal scope of the law firm's customary practice. (*DeGerlia v. First Bank & Trust Co.* (1984), 121 Ill. App. 3d 658, 460 N.E.2d 97; *Baltimore & Ohio R.R. Co. v. Mosele* (1977), 67 Ill. 2d 321, 368 N.E.2d 88.) We therefore find no reversible error in the trial court's ruling that the law firm's practice was sufficiently localized within the county to properly establish venue in Peoria County. *Weaver v. Midwest Towing, Inc.* (1986), 139

Ill. App. 3d 1075, 487 N.E.2d 1259.

■ Russell and Johnson, Martin & Russell lastly maintain that the McLanes did not establish a *prima facie* case in that they failed to prove that Russell's conduct was the proximate cause of the McLanes' alleged damages. The record reveals that Helen was adjudged incompetent approximately four years before Grace executed her 1975 will. Further, Russell was appointed Helen's conservator and was aware of her incapacity to execute a will making similar provisions for the McLanes of her jointly held undivided one-half interest. The nonseverance of the joint tenancy between Grace and Helen after the drafting and execution of Grace's 1975 will, and later her 1976 will, we find to be sufficient to proximately lead to the injuries complained of and therefore the burden of establishing proximate cause was met.

During the course of the trial certain evidentiary rulings were made by the court which Russell and Johnson, Martin & Russell contend rise to a level of reversible error, to wit, allowing the jury to consider evidence of a potential conflict of interest involving Russell and the sisters, precluding their expert from testifying regarding a deposition not in evidence which he reviewed to form his opinion, and allowing into evidence expert testimony which they contend did not clearly or sufficiently establish a reasonable care and skill standard to be applied to Russell and his law firm. Our review of the record reveals the jury was properly informed of the standard of care due a client and nonclient in the transaction complained of through the testimony of both parties' expert witnesses and that allowance of conflict of interest considerations involving Russell and the sisters, and disallowance of an expert's referral to one deposition, to be harmless error which cannot be found to rise to a level of prejudice mandating reversal or remand for a new trial.

■ Lastly, we consider the issue of the trial court's setoff of the amount awarded the McLanes in the instant suit by one-half of the amount received in their settlement with the administrator of Helen's estate. The McLanes cross-appeal, requesting reinstatement in full of the original jury award. Russell and Johnson, Martin & Russell, in keeping with the errors they alleged regarding the court's refusal to bar the instant suit due to the settlement, or to allow into evidence the claim and settlement, maintain the award should be offset by the entire settlement amount of $132,910. The instant suit sought recovery of damages stemming from the McLanes' loss of an undivided one-half interest in the Shugart farm. The trial court properly and fairly reasoned that the earlier settlement entered into with the ad-

ministrator of Helen's estate was for a claim involving the entire farm. Therefore, one-half of the settlement amount represented a partial recovery of the value of the one-half undivided interest at issue. None of the parties hereto dispute that the value of an undivided one-half interest in the Shugart farm approximated $325,000. We find no error in the trial court's attempt to avoid duplication of monetary damages or double recovery regarding the loss of a one-half undivided interest which was the subject matter of the instant suit.

Based on the foregoing review of the issues and argument presented, we find that the verdict in favor of the McLanes should stand. We therefore affirm the trial court's judgment entered on the verdict in favor of the McLanes, including their judgment entered on the motion for setoff in favor of Russell and Johnson, Martin & Russell.

Accordingly, the judgment of the circuit court of Peoria County is affirmed in all respects.

Affirmed.

STOUDER and WOMBACHER, JJ., concur.