MURDOCK, Justice
(dissenting).
I respectfully dissent. Although I agree to an extent with Justice Lyons’s reasoning as it relates to the facts of this case, my view of a situation like the one presented in Ex parte Scott Bridge Co., 834 So.2d 79 (Ala.2002), does not coincide with his view of that case. I therefore write separately in order to explain my position.
In Ex parte Scott Bndge Co., supra, the sale and purchase of supplies in Chambers County appear to me to have been activities by which the sellers of those supplies did their business. I question whether the fact that Scott Bridge was the purchaser in those transactions meant that it was “do[ing] business by agent in [Chambers County]” within the meaning of § 6-3-7(a)(3), Ala.Code 1975, intended by the legislature. Specifically, I question whether Scott Bridge was doing its business by making the purchases it made.
Meaningful authority exists for drawing the foregoing distinction. For example, in Frees v. Southern Michigan Cold Storage Co., 43 Mich.App. 756, 757, 204 N.W.2d 782, 783 (1972), the court explained: u[T]he defendant’s business is that of storing fruits and vegetables. The farmers and processors bring their fruits and vegetables to defendant’s warehouse in Hart, Oceana County for storage. Defendant’s contacts with Muskegon County are limited to the purchasing of equipment and material for the maintenance of its refrigeration equipment,” except for one customer that the court noted actually brought its produce to Oceana County for storage. (Emphasis added.) Under these facts, the court held that the defendant “was not doing business in Muskegon County by purchasing equipment and materials in Muskegon County to maintain its refrigeration equipment.” 43 Mich.App. at 758, 204 N.W.2d at 783-84.[6]
Consequently, had I been a member of this Court when Scott Bridge was decided, *459 I might well have dissented from the holding that venue in that case was proper in Chambers County.[7]
In contrast, I believe Greenetrack, Inc., was doing its business when it sent its own employee and a bus into Pickens County on a regular basis to transport residents of Pickens County to Greenetrack’s facility so they could serve as customers of its business. True, the plaintiff here utilized his own transportation to travel from his home in Pickens County to Greenetrack’s facility in Greene County. Nonetheless, the purpose of the legislature in enacting the venue statute was to establish, as best it could, where, in all fairness, a corporate defendant should be expected to defend itself if its activities cause harm to another. I do not think that Greenetrack can protest that it is unexpected or unfair that it be held to account in Pickens County under a statute that sets venue in the county of the plaintiffs residence, provided the defendant regularly does business by agent there, for an injury it has caused to a Pickens County resident when it has purposefully and regularly engaged in activity by agent in Pickens County to bring Pickens County residents to its facility to be its customers.[8]

. In Hartung v. Central Illinois Public Service Co., 110 Ill.App.3d 816, 66 Ill.Dec. 493, 443 N.E.2d 16 (1982), the court reasoned:
"The evidence further revealed that defendant consummated commercial transactions with 10 different Madison County residents which totaled nearly $4.4 million in 1979[, including purchases of approximately $'l million of parts and supplies from numerous vendors]. ...
"Plaintiff maintained that these commercial transactions contributed directly to defendant's production and marketing of its principal consumer product, electricity. Plaintiff further contends that these transactions were done systematically and continuously thus establishing that defendant was 'doing business' within Madison County within the meaning of the venue statute.
[[Image here]]
“ .. [I]n order to establish that a defendant is doing business within a county for *459 purposes of venue, quantitatively more business activity within the county must be demonstrated than where the question is whether the defendant has transacted any business within the State for purposes of service of process pursuant to section 17. The defendant must, in short, be conducting its usual and customary business within the county in which venue is sought.' [Baltimore & Ohio R.R. v. Mosele,] 67 Ill.2d 321, 329-330[, 10 Ill.Dec. 602, 606], 368 N.E.2d 88, 92 [(1977)].
"... [W]e believe the evidence does not support the trial court's finding of venue in Madison County in the present case. Defendant's business is the production and marketing of electricity which is not earned on by defendant in Madison County.”
110 Ill.App.3d at 818-20, 66 Ill.Dec. at 495-96, 443 N.E.2d at 17-19 (emphasis added). Similarly, in Gardner v. International Harvester Co., 113 Ill.2d 535, 541, 101 Ill.Dec. 842, 845, 499 N.E.2d 430, 433 (1986), the Illinois Supreme Court rejected an argument that purchases of materials by a manufacturer constituted doing business for venue purposes: "Nor do we believe that Harvester’s purchases from St. Clair County suppliers show that the company is engaged in business there. Harvester buys the materials for use in its business of designing, manufacturing, and marketing tractors, trucks, and other machines, and the purchases are but a necessary incident of that." See also Saturn Sys., Inc. v. Saturn Corp., 659 F.Supp. 865 (D.Minn.1987); Westinghouse Electric Corp. v. Superior Court, 17 Cal.3d 259, 270, 551 P.2d 847, 855, 131 Cal.Rptr. 231, 239 (1976) (also noting that "[l]he change of venue issue is directed at completely different policy considerations” and that "[i]t is inappropriate to apply a ‘minimum contacts' test to determine whether defendants are doing business” in a given county for venue purposes).

. This is not to say that, where activity of the nature at issue in Scott Bridge actually gives rise to the claim asserted, venue in the county of that activity would not be appropriate. See § 6 — 3—7(a)(l), Ala.Code 1975. That was not the case in Scott Bridge, however.

. Certainly, however, if Scott Bridge reflects the law in Alabama, the present case involves activity that, in my view, is no less the doing of business for which the defendant was created than was the activity in Scott Bridge.